## MAY v. INTERNATIONAL LOAN & TRUST CO.

### (Circuit Court of Appeals, Fifth Circuit. February 7, 1899.)

### No. 773.

**1. APPEAL—QUESTIONS REVIEWABLE—OPENING AND CLOSING ARGUMENT TO JURY.**

In the federal courts the question of which party is permitted to close the argument to the jury is not the proper subject of a bill of exceptions or a writ of error, because it does not affect the merits of the controversy, and is a matter which should be left largely to the discretion of the trial judge.

**2. PARTNERSHIP—REQUISITES—CONSTRUCTION OF CONTRACT.**

A contract between the owner of an hotel and another that the latter should occupy and conduct the hotel, and share the profits, if any, with the owner, being alone responsible for the losses, did not create a partnership between the parties.

**3. BUSINESS HOMESTEAD—STATUTE OF TEXAS—INTEREST IN BUSINESS.**

The owner of an hotel permitted another to occupy and conduct it, under an agreement that the profits, if any, should be shared between them. There was actually a loss, which was borne by the tenant. *Held*, that the owner had no such interest in the business as rendered the property his business homestead, under the statute of Texas.

**4. EVIDENCE—ADMISSIBILITY—BILL OF EXCEPTIONS IN DIFFERENT SUIT.**

A bill of exceptions is not admissible in another suit between different parties as evidence of matters therein recited.

In Error to the Circuit Court of the United States for the Northern District of Texas.

The International Loan & Trust Company, a Missouri corporation, filed its petition in the United States circuit court at Dallas, Tex., against J. J. May,

Sr., a citizen of Texas, to recover from him on two notes executed on September 1, 1890. The petition alleged that the notes were secured by a deed of trust, and set forth so much of the deed of trust as provided for an option to declare the principal of the debt due in case of default on the interest. It also declared that the International Loan & Trust Company had exercised the option. The petition proceeded with the allegations usual in a petition at law in a suit upon debt, and prayed for judgment, and the foreclosure of an attachment lien resulting from an attachment sued out on the same day on which the petition was filed, and levied upon a lot, with a building thereon, situated in the town of Denton, Tex., and further levied upon a tract of land in Denton county, Tex. To this petition J. J. May, Sr., the defendant below, answered by demurrer, general denial, and special answer that the lot and building in the town of Denton were at the time of the levy of the attachment, and before and since that time, his residence and business homestead, and not subject, under the laws and constitution of Texas, to execution and forced sale for debt. The trial resulted in a verdict and judgment in favor of the plaintiff below, and J. J. May, Sr., the defendant below, has sued out this writ of error.

W. S. Simkins, for plaintiff in error.

John L. Henry, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PARLANGE, District Judge (after stating the facts as above). The first alleged error of which the plaintiff in error complains is that at the trial in the lower court he was not permitted to open and conclude the argument in the case. By statute the supreme court of the state of Texas is authorized to make rules of procedure, not inconsistent with the laws of the state, for its own government and the government of the other courts of the state, in order to expedite the dispatch of business. In pursuance of this authority the supreme court of the state of Texas has provided a rule by which a defendant may secure the right to open and conclude in adducing evidence and in the argument of the case, by entering of record an admission that the plaintiff has a good cause of action as set forth in his petition, "except so far as it may be defeated in whole or in part by the facts of the answer constituting a good defense which may be established on the trial." The plaintiff in error offered to file the admission required by this rule, and demanded the right to open and close, which was refused by the trial judge. It is contended by the counsel for the defendant in error that the defendant below did not comply strictly with the rule of the supreme court of Texas, and, furthermore, that that rule was not intended to have effect in the federal courts. Even if it were conceded that the defendant below brought himself strictly within the rule of the supreme court of Texas, and that the rule was binding upon the court below, it would seem, from the jurisprudence of Texas, that the error, if it was error, would not warrant a reversal of the case, in the absence of injury shown. It is difficult to see how the defendant below was injured, materially or otherwise, by the refusal of the trial judge to allow him to open and conclude the argument. The admission which the defendant below proposed to make left nothing in the cause but the simple issue of the right of homestead vel non, and we do not see how the refusal of a right to open and close the argument on a single plain issue of this character could

constitute reversible error. But, whatever be the view that might be taken of the matter in a case tried in a court of the state of Texas, it is well settled that in the federal courts the question as to which party shall make the closing argument to the jury is not the proper subject of a bill of exceptions or of a writ of error, because it does not affect the merits of the controversy. It is a matter which should be largely left to the discretion of the trial judge. Lancaster v. Collins, 115 U. S. 222, 6 Sup. Ct. 33; Hall v. Weare, 92 U. S. 728–732; Day v. Woodworth, 13 How. 363–369; Railroad Co. v. Stimpson, 14 Pet. 448–462.

The next matter alleged as error arises as follows: It appears that upon the lot situated in the town of Denton, which the defendant below claimed to be his residence and business homestead, he had erected an hotel building. One Massey occupied this building, and therein carried on the hotel business. It is evident that at the trial the defendant below was endeavoring to show that Massey was his business partner, and was carrying on the hotel business for himself and the defendant below. Massey testified as follows:

"I know Mr. May, the defendant in this suit. He owned an hotel building in Denton, Texas. I run that hotel for a while in 1892. I understood it was levied upon. I think I went out of the hotel when it was levied upon. I think I had gone out at the time it was levied upon. Mr. May furnished the hotel, and I was to run the hotel; and, if I made any profits, I was to divide profits with Mr. May. I think I was there the 14th day of June, 1892. I went out of there in June or July,—I am not sure which. I think I moved out about the 1st of July. Mr. May was not there then. He was there at his home in town, I guess. If I recollect correctly, when I moved out he moved in. Mr. May was there about the hotel office whenever he wanted to. He had a right there. He had a right to examine my books and see if I was making any profits. He was interested to the extent that, if I made any profits, I was to divide with him. The hotel was run in my name. I bought the goods and paid for them. I was responsible. Mr. May had nothing to do with the running of the hotel. I suppose the reason I didn't agree to pay him so much a month was because I didn't think I could make anything. There was no furniture there, that I know of, that didn't belong to the hotel, except what I put in there. I went in there after Mr. McNeil. I think a fellow by the name of Thompson and Mrs. Pancake was in there before McNeil. At the time I run this hotel, I run it at a loss of $200. I paid the loss. The contract was that I was to pay the loss, if any. I lost about two hundred dollars."

The court charged the jury "that the contract between said Massey and the defendant was not a partnership, so far as Massey's evidence shows, but was a contract of rent for a contingent sum." To this charge the defendant below excepted. We find no error in the charge. The construction of the contract was clearly a matter for the court, and not for the jury; and the court's construction was, in our opinion, correct. We notice that the defendant below was endeavoring to show that the hotel was his residence and business homestead, not by proof that he personally occupied the building, but upon the theory that he might validly claim it as a business homestead, because a business, in the profits of which he was interested, was there conducted by another. It is unnecessary for us to say whether, under the most liberal application of the Texas homestead laws, such a contention could be sustained. It is sufficient for us to say that, whether or not, quoad

the public, May and Massey could be held to be partners, yet, under the testimony of Massey, it was perfectly plain that May had no such right in the business, or in the management or occupancy of the hotel, as might usefully serve him in the assertion of a claim to a business homestead upon the hotel. The charge of the trial judge, limited as it was to the construction of the contract as testified to by Massey, is, in our opinion, unexceptionable, under the issue involved.

The next matter of complaint on the part of the plaintiff in error is as follows: A witness named Smith, who was the attorney of J. J. May, Sr., in a suit in the county court of Denton county, Tex., which is in no manner connected with the present cause, testified in this cause that in the case in the county court of Denton county J. J. May, Sr., was the plaintiff, and one J. H. McNeil was the defendant, and that J. J. May, Sr., then testified that he had rented the property in controversy to the witness Massey on the same terms upon which it had been rented to McNeil, which was $100 a month. The defendant below in this case then offered a certified copy of a bill of exceptions, which is a part of the record in the cause just mentioned in the county court of Denton county; this bill of exceptions stating that J. J. May, Sr., on objection, was not permitted to testify as to the terms upon which he had placed Massey in possession of the hotel, and the bill of exceptions being offered for the purpose of contradicting the testimony of Smith. The plaintiff below objected to the admission of this bill of exceptions. The objection was sustained by the trial judge, and the defendant below excepted to the rejection. We have been cited to no authority by the counsel for the plaintiff in error in support of his contention that the bill of exceptions just mentioned was admissible in the cause. It is plain to us that it was properly rejected. The cause in the county court of Denton county was res inter alios acta, and the sole purpose of the bill of exceptions in that cause was to certify to the appellate tribunal the matters which it contained. It imported verity in no other cause. It would seem that a bill of exceptions cannot be used in another suit, even as against parties to the record. See, in this connection, Green v. Irving, 54 Miss. 450–465; Robinson v. Lane, 14 Smedes & M. 161; Elting v. Scott, 2 Johns. 157–162; Harrison's Devisees v. Baker, 5 Litt. 250–252; Neilson v. Insurance Co., 1 Johns. 301–304; Boyd v. Bank, 25 Iowa, 255.

As to the refusal of a new trial by the court below, it has been repeatedly held that a new trial is a matter discretionary with the trial court. We find no error in the record, and the judgment of the lower court is therefore affirmed.