**MARYLAND CASUALTY CO. v. OHIO RIVER GRAVEL CO. SAME v. OHIO RIVER GRAVEL CO. et al. W. W. JOHNSON et al. v. MARYLAND CASUALTY CO.**

Circuit Court of Appeals, Fourth Circuit. September 23, 1927.

Nos. 2602–2604.

Appeals from the District Court of the United States for the Northern District of West Virginia, at Elkins; George W. McClintic, Judge.

On petition for rehearing.

For former opinion, see 20 F.(2d) 514.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

D. H. Hill Arnold, of Elkins, W. Va., and George F. Cushwa, of Baltimore, Md., for Maryland Casualty Co.

Smith D. Turner, of Parkersburg, W. Va., for Ohio River Gravel Co.

U. G. Young, of Buckhannon, W. Va. (J. C. McWhorter, of Buckhannon, W. Va., and Wm. T. George, of Philippi, W. Va., on the brief), for Westfall and Buckhannon Motor Sales Co.

PER CURIAM. We have carefully considered all of the questions raised in the petition for rehearing, but we see no reason to grant the petition as all of them were given careful consideration on the original hearing. We desire to notice, however, the statement in the petition that the decision of the court with respect to the freight included in the claim for sand and gravel conflicts with the

decision of the Supreme Court in the case of Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 31 S. Ct. 140, 55 L. Ed. 72, and with the holdings of the Circuit Courts of Appeals of the Third and Fifth Circuits in Mandel v. U. S., 4 F.(2d) 629, and U. S. v. Hyatt, 92 F. 445.

In the Crane Case, the appeal was by the surety company from a decree allowing a claim for cartage by a transfer company, but disallowing a claim for freight which it had paid. The Supreme Court affirmed the allowance of the claim for cartage, but the question as to freight was not before it, as the transfer company did not appeal. On that aspect of the case, however, the case before the Circuit Court of Appeals of the Ninth Circuit, 163 F. 168, was different from the case at bar, in that the person who paid the freight was not the furnisher of materials, nor did he make payment thereof under such circumstances that it became in reality a part of the price of the materials, as in the case at bar.

The same distinction exists with respect to the cases cited from the Third and Fifth circuits, both of which related to claims by railway companies for freight charges. We were careful to point out this distinction in our original opinion, but that part of the opinion was evidently overlooked by counsel.

We have examined with some care the cases dealing with the point involved and with kindred points, and we are satisfied, not only that our decision is correct, but also that there is nothing in it which conflicts with any decision of the Supreme Court or of any Circuit Court of Appeals.

Petition denied.