# TITLE GUARANTY & TRUST COMPANY OF SCRANTON, PENNSYLVANIA, v. CRANE COMPANY.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 67.   Argued December 6, 7, 1910.—Decided December 19, 1910.

A vessel being constructed under contract for the United States is a public work within the meaning of the act of August 13, 1894, c. 280, 28 Stat. 278, as amended by the act of February 24, 1905, c. 778, 33 Stat. 811, and materialmen can maintain an action on the bond given pursuant to such statute by the contractor.

Whether a work is public or not, depends on whether it belongs to the representative of the public and not on whether it is or is not attached to the soil.

Where title to the completed portion of a vessel being constructed for the United States passes to the United States as payments are made, laborers and materialmen cannot assert liens under the state law, but can maintain actions on the contractor's bond given under the act of 1894 as amended by the act of 1905. *United States* v. *Ansonia Brass & Copper Co.*, 218 U. S. 452.

The court will, in the absence of clear and established construction, reach its own conclusion in construing a statute, notwithstanding opinions of the Attorney General looking in the opposite direction.

*Held*, in this case, that the suit had been properly brought, and that the United States was not necessarily a party, the suit being begun in the name of the United States to the real plaintiff's use.

Although the plaintiff may not have applied for copy of the bond and filed an affidavit that the labor and materials had been supplied, the defect was formal and not vital as the intervenors had complied with the statute in that respect.

Objections to allowing claimants the benefit of the bond given by the contractor under the act of 1894 as amended by the act of 1905, either because they had a lien or because the service was too remote, if carried to an extreme, would defeat the purpose of the act.

Where a bond is under seal consideration is presumed; in this case, although the bond was not executed until ten days after execution

of the contract which it was given to secure, the transactions may be regarded as simultaneous.

Assignments of claims of materialmen on a public work held in this case not to have affected the remedy of enforcing the same against the surety on the contractor's bond.

In a suit to enforce claims of materialmen against surety on a contractor's bond, each claimant is entitled to a docket fee of $10.00. Although the claims are consolidated in a single suit the causes of action are distinct.

163 Fed. Rep. 168, affirmed.

THE facts, which involve the construction of the materialmen's act of August 13, 1894, as amended by the act of February 24, 1905, are stated in the opinion.

*Mr. James B. Murphy*, with whom *Mr. C. H. Winders* and *Mr. M. M. Richardson* were on the brief, for plaintiff in error:

The purpose of Congress in the passage of the act of August 13, 1894, 28 Stat. 278, as amended February 24, 1905, 33 Stat. 811, was to protect, first, the United States, and, second, to protect laborers and materialmen, who had no right of lien by reason of the building or work being upon the property of or belonging to the sovereign, by giving to them a right of action on the contractor's bond, substituting the bond for the building or public work. *Hill* v. *American Surety Co.*, 200 U. S. 197; *U. S. F. & G. Co.* v. *United States*, 191 U. S. 416; *Sica* v. *Kimpland*, 93 Fed. Rep. 403; *American Surety Co.* v. *Cement Co.*, 110 Fed. Rep. 717; *United States* v. *Burgdorf*, 13 App. D. C. 506; *United States* v. *City Trust & Safe Deposit. Co.*, 21 App. D. C. 369; 123 Op. Atty. Genl. 74.

The contract in this case was neither for the erection of a "public building" or the prosecution or completion of any "public work," and further, title to the vessel under the contract not passing to the Government until its completion, delivery and acceptance, the laborer and materialman, under the statutes of the State of Washington, were

amply protected by its lien laws, hence the claims sought to be enforced here are not only without the terms of the act, but outside of the very scope and intent of Congress in its passage. *Clarkson* v. *Stevens*, 106 U. S. 505; *John B. Ketcham,* No. 2, 97 Fed. Rep. 872; Opinion Atty. Gen. Moody, Aug. 6, 1906. The rule is also announced in Benjamin on Sales, 7th ed., 298; *United States* v. *Ollinger*, 55 Fed. Rep. 959; *Yukon River St. Co.* v. *Grotto*, 69 Pac. Rep. 252 (Cal.); *William* v. *Jackson*, 16 Gray, 514; *Green* v. *Hull*, 1 Houst. 506; *West Jersey Ry. Co.* v. *Trenton Car Co.*, 32 N. J. Law, 517; *Etna* v. *Treat*, 15 Ohio St. 585; *Andrews* v. *Durant*, 11 N. Y. 35; *S. C.*, 62 Am. Dec. 55; *Hawes & Co.* v. *Trigg Co.*, 65 S. E. Rep. 538.

Title to the vessel not passing to the United States until delivery and acceptance by it, under § 5953, Ballinger, Washington Code, as amended by the Laws of 1901, p. 21, the plaintiff and intervenors herein had a right of lien upon the vessel.

Where under general principles of law there is a lien there is no right of action on the bond. *United States* v. *Hyatt*, 92 Fed. Rep. 442; *American Surety Co.* v. *Lawrenceville Cement Co.*, 110 Fed. Rep. 717; *Laughlin Co.* v. *Morgan*, 111 Fed. Rep. 474; *Laughlin Co.* v. *American Surety Co.*, 114 Fed. Rep. 627; *Bayne* v. *United States*, 93 U. S. 643; note 29 L. R. A. 226; *United States* v. *McGee et al.*, 171 Fed. Rep. 209; *Surety Co.* v. *Guarantee Co.*, 174 Fed. Rep. 385.

Defendants in error having a right of lien, being fully protected thereby, are wholly without the scope and intent of the act. Claimants are also clearly estopped from asserting any claim as against the bond.

The Puget Sound Engine Works having been adjudged a bankrupt prior to the institution of this action, under § 3466, Rev. Stat., claims due the United States in such cases are given preference. *In re Stover*, 127 Fed. Rep. 394; *Smith* v. *United States*, 92 U. S. 618; *In re Huddell*,

47 Fed. Rep. 206; *United States v. Barnes*, 31 Fed. Rep. 705; *In re Strassburger*, 4 Wood, 558; *S. C.*, Fed. Cas. No. 13.

The mere fact that the Government might hold collateral or security does not require it to resort thereto before enforcing its direct remedy. Cases *supra* and *Chemical National Bank v. Armstrong*, 59 Fed. Rep. 375; *Merrill v. National Bank*, 173 U. S. 140; *Childs v. N. P. Carlston Co.*, 76 Fed. Rep. 86; *Doe v. N. W. Coal & Transp. Co.*, 78 Fed. Rep. 62; *Wheeler v. Walton &c. Ry. Co.*, 72 Fed. Rep. 967; *Levey Bros. v. Chicago Nat. Bank*, 42 N. E. Rep. 131; Storey, Eq. Jurisp., § 614.

If the surety pays the debt of the Government, it is entitled to be subrogated to its preference right. *Beaston v. Delaware Bank*, 12 Pet. 102; *Hunter v. United States*, 5 Pet. 172; *Field v. United States*, 9 Pet. 182; *In re Huddell*, 47 Fed. Rep. 206; *United States v. Barnes*, 31 Fed. Rep. 705; Federal Cases, Nos. 7843, 7731, 9682, 17,668.

The contract for building the vessel was not only without the scope of the act, but also without its express terms. A vessel is not a public work. That term "public works" includes only fixed works and does not include a sea-going vessel. *Penn Iron Co. v. Trigg*, 56 S. E. Rep. 329; *Hawes v. Trigg Co.*, 65 S. E. Rep. 538; *United States v. Perth Amboy Shipping Co.*, 137 Fed. Rep. 689; 23 Am. & Eng. Ency. of Law, 2d ed., 459; *United States v. Ollinger*, 55 Fed. Rep. 959; *Ellis v. Grand Rapids*, 123 Michigan, 567; *S. C.*, 82 N. W. Rep. 244; *Winters v. Duluth*, 82 Minnesota, 130; *S. C.*, 84 N. W. Rep. 788; 23 Op. Atty. Genl. 174; 20 Op. of Atty. Genl. 454; Op. Solicitor General Hoyt, approved by Attorney General Moody, August 3, 4, 1906.

The United States should be made a party in case of the insolvency of one engaged in the performance of a contract entered into with the United States Government.

The claim of the Government is prior and paramount to that of all other creditors, and general statutes of limitation do not cut off the Government from asserting its claim. § 3466, Rev. Stat. 2314; *In re Stover*, 127 Fed. Rep. 394; *Smith* v. *United States*, 92 U. S. 618; *In re Hubbell*, 47 Fed. Rep. 206; *United States* v. *Barnes*, 31 Fed. Rep. 705; *In re Strassburger*, 4 Wood, 558; *S. C.*, Fed. Cas. No. 13; *Bain* v. *United States*, 93 U. S. 643; *United States* v. *McGee et al.*, 171 Fed. Rep. 209; *Hill* v. *American Surety Co.*, 200 U. S. 197.

The statute provides that this suit can only be instituted upon the performance of certain conditions, which have not been complied with. *United States* v. *Freeman*, 3 How. 556.

No affidavit was filed by the plaintiff or by intervenors, and no certified copy of the bond procured, and this action was not based upon a certified copy of such bond. Even if valid, the bond is not liable for cartage, towage, wharfage and patterns from which castings are made. *United States* v. *Hyatt*, 92 Fed. Rep. 442; *S. C.*, 34 C. C. A. 445; *McAllister* v. *Fidelity & Deposit Co.*, 83 N. Y. Supp. 752; *McLaughlin* v. *Surety Co.*, 114 Fed. Rep. 627; *Laughlin Co.* v. *Morgan*, 111 Fed. Rep. 474; *Am. Surety Co.* v. *Cement Co.*, 110 Fed. Rep. 717; *Rhine* v. *Guilfoil*, 13 Washington, 373; *Webster* v. *Real Estate Imp. Co.*, 6 N. E. Rep. 71; *Wilson* v. *Nugent*, 57 Pac. Rep. 1008 (Cal.); *United States* v. *Morgan*, 111 Fed. Rep. 474; *United States* v. *Conkling*, 135 Fed. Rep. 508.

Many of the claims are not claims for material or for labor entering into and becoming a part of the public work, and are not such claims as are contemplated by the statute. *Standard Oil Co.* v. *Trust Co.*, 21 App. D. C. 639; *United States* v. *City Trust Co.*, 23 App. D. C.'153; *United States* v. *Mehl*, 25 Kansas, 205; *Basshor* v. *B. & O. Ry. Co.*, 65 Maryland, 99; *United States* v. *Kimpland*, 93 Fed. Rep. 403; *United States* v. *Simon*, 98 Fed. Rep. 73;

*Central Trust Co.* v. *Texas & St. L. Ry. Co.*, 27 Fed. Rep. 178.

The claim against the bond in question is a personal privilege and cannot be assigned, and if assigned the assignee has no right of action upon the bond. 20 Am. & Eng. Ency. of Law, 2d ed., 471; 1 Jones on Liens, §§ 982, 990; *Horton* v. *Sparkman*, 2 Washington, 165.

The giving of the bond was without consideration. Brandt on Suretyship, 3d ed., § 764; *Building Asso.* v. *Kleinhoffer*, 40 Mo. App. 388; *Ring* v. *Kelly*, 10 Mo. App. 411. An attorney's fee cannot be taxed to each individual laborer and materialman. Their several appearances in the Circuit Court is not brought about by any fault or default on the part of the surety. *Missouri Pacific Ry. Co.* v. *Texas & P. Ry. Co.*, 38 Fed. Rep. 775; see also *Central Trust Co.* v. *Wabash Ry. Co.*, 32 Fed. Rep. 684.

Only one docket fee is allowable. *Barron* v. *Mt. Eden*, 87 Fed. Rep. 483; *Aiken* v. *Smith*, 57 Fed. Rep. 423; *Gorse* v. *Parker*, 36 Fed. Rep. 840.

*Mr. Ira Bronson* for defendants in error:

A public vessel is a public work within the meaning of the statute. *Hill* v. *Am. Surety Co.*, 200 U. S. 197; *Standard Furniture Co.* v. *Henningsen*, 82 Pac. Rep. 171; *Anniston Pipe Co.* v. *Surety Co.*, 92 Fed. Rep. 551.

A narrow view of the statute, supported only by the opinions of Attorneys General, would place the construction of the work described in the contract without the purview of the statute.

As to what is a "public work" within the meaning of the statute, see *United States* v. *Shipbuilding Co.*, 137 Fed. Rep. 689; as to shore protections, *United States* v. *Farley*, 91 Fed. Rep. 474; dry dock, *United States* v. *Freel*, 92 Fed. Rep. 299; jetty, *United States* v. *Hyatt*, 92 Fed. Rep. 442; wharf and pier, *United States* v. *Kimpland*, 93 Fed. Rep. 403; lock in river, *United States* v. *Sheridan*, 119

Fed. Rep. 236; *United States* v. *American Surety Co.*, 127 Fed. Rep. 490; *United States* v. *Morgan*, 11 Fed. Rep. 476; *United States* v. *Jefferson*, 60 Fed. Rep. 736.

Under the contract laborers and materialmen are not protected by state lien laws. *The Poconoket*, 67 Fed. Rep. 262; aff'd by 70 Fed. Rep. 640; 168 U. S. 707; *United States* v. *Heaton*, 128 Fed. Rep. 417; *Insley* v. *Garside*, 121 Fed. Rep. 699.

Relators and intervenors are within the terms of the statute, and the Circuit Court had jurisdiction of the suit.

The contract was within the scope of the act and within its express terms. The materials and labor required were within the terms of the contract. Plaintiff in error entered into the engagement under the statute and is now estopped to deny liability. *Standard Furniture Co.* v. *Henningsen*, 82 Pac. Rep. 171.

The United States should not have been made a party; nor is an application by affidavit to the department under whose direction the work is performed a condition precedent to bringing suit. *United States* v. *Hegeman*, 21 Pa. Super. Ct. 459.

All the claims are within the purview of the contract and bond. *Am. Surety Co.* v. *Cement Co.*, 110 Fed. Rep. 717. The object of this statute is the protection of those furnishing labor and material for the construction of public work. It would be a narrow construction of the statute, too narrow in fact to attain its primary object, if any of these claims should be held without the purview of the statute.

The claims of laborers and materialmen are assignable under the act and the assignment does not defeat a recovery. *Fidelity Nat. Bank* v. *Rundle*, 100 Fed. Rep. 400. The bond is upon a sufficient consideration, and the taxation of costs was proper. *The Oregon*, 133 Fed. Rep. 609.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought under the Act of August 13, 1894, c. 280, 28 Stat. 278, as amended by the Act of February 24, 1905, c. 778, 33 Stat. 811, upon a bond given to the United States as required by that act. The contract to secure which the bond was given was a contract by the Puget Sound Engine Works to build and deliver a single screw wooden steamer for the United States, and the main question in the case is whether the statute applies to a contract for such a chattel. If not, parties like the plaintiffs, who furnished labor or materials for the work, have no standing to maintain the suit. We proceed, as soon as may be, to dispose of that question, leaving details and minor objections to be taken up later in turn. It was raised by demurrer to the declaration and subsequently by what was entitled an affirmative defence, pleaded by the surety and a demurrer by the plaintiffs. The decision was for the plaintiffs against the surety in the Circuit Court of Appeals. 163 Fed. Rep. 168; *S. C.*, 89 C. C. A. 618.

The amended statute requires any person "entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work," "to execute the usual penal bond . . . with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work." It gives any person who has furnished labor or materials used in the construction or repair of any public work, which have not been paid for, the right to intervene in a suit upon the bond. In short, besides securing the United States, the act is intended to protect persons furnishing materials or labor "for the construction of public works," as the title

declares.   The question narrows itself accordingly to whether the steamer was 'a public work' within the meaning of the words as used.

As a preliminary to the answer it is relevant to mention that by Article 3 of the contract partial payments are provided for as the "labor and material furnished" equal certain percentages of the total, and that by Article 4 "the portion of the vessel completed and paid for under said method of partial payments shall become the property of the United States," although the contractor remains responsible for the care of the portion paid for, and by Article 2 there is to be a final test of the vessel when completed.   The vessel has been built and accepted, and is now in possession of the United States.   Notwithstanding these facts, it was argued that the statute did not apply to the contract, because the laborers and materialmen had a lien by the state law; and that, even if the statute applied, they had lost their rights by not asserting them before the delivery of the vessel, as before that, it is said, the title did not pass to the United States.   Among other things this ended the right to subrogation that the surety might have claimed.   But the very recent decision in *United States* v. *Ansonia Brass & Copper Co.*, 218 U. S. 452, establishes that the title to the completed portion of the vessel passed, as provided in Article 4, and that the laborers and materialmen could not have asserted the lien supposed to exist.

The case cited shows therefore that such claimants are within the policy of the statute.   It also contains a strong intimation that they are within the meaning of its words.   For it refers to the statute and says that it was in recognition of the inability of such persons to take liens upon the public property of the United States that Congress passed the act, and adds that in view of this purpose to provide protection for those who could not protect themselves the statute has been given liberal construction by this court.

See also *Hill* v. *American Surety Co.*, 200 U. S. 197. The reference and comment when the attempt was made to enforce a lien under state laws would have had no relevance unless they had been intended to point out the true remedy available in such a case. The argument that the vessel was not a public work loses most of its force when it appears that the title was in the United States as soon as the first payment was made. Of course public works usually are of a permanent nature and that fact leads to a certain degree of association between the notion of permanence and the phrase. But the association is only empirical, not one of logic. Whether a work is public or not does not depend upon its being attached to the soil; if it belongs to the representative of the public it is public, and we do not think that the arbitrary association that we have mentioned amounts to a coalescence of the more limited idea with speech, so absolute that we are bound to read 'any public work' as confined to work on land. It is not necessary to discuss in detail some opinions from the Attorney General's office in cases where the title to the vessel did not pass that looked rather in the opposite direction. It is enough to say that there has been no such clear and established construction as to cause us to yield our own view. On the other hand, the decision of some other courts has been in accord with the judgment below and with what we now decide. *United States* v. *Perth Amboy Shipbuilding & Engineering Co.*, 137 Fed. Rep. 689, 693. *American Surety Co.* v. *Lawrenceville Cement Co.*, 110 Fed. Rep. 717, 719. *United States* v. *Ætna Indem. Co.*, 40 Washington, 87.

Another defence, set up in the same manner as the first, is that the United States should have been made a party, and, in connection with this, a further one that the suit cannot be maintained unless the plaintiff has applied, as provided in the statute, for a copy of the bond, and furnished an affidavit that labor or materials have been sup-

plied by him for the prosecution of the work. The latter is the more substantial, as, of course, the suit was begun in the name of the United States to the real plaintiffs' use. But the objection is not serious in either form. No suit had been brought by the United States for more than six months from the completion of the work, affidavits were made and copies filed by intervenors, and in the circumstances the omission was only a formal defect. The language of the statute that after giving the affidavit the party should be furnished with a certified copy of the contract and bond, "upon which he or they shall have a right of action," etc., may be read as meaning 'upon which bond' as easily as 'upon doing which,' and hardly can be construed as making a condition precedent. The conditions are attached in the form of provisos by later words.

Next it is objected that certain claimants are not entitled to the benefit of the bond, either because they had a lien or because the service was too remote. Of the former class are claims for cartage and towage to the spot where the work was going on. We agree with Judge Putnam in *American Surety Co.* v. *Lawrenceville Cement Co.*, 110 Fed. Rep. 717, that in these small matters the objection if carried to an extreme would defeat the purpose of the statute, that such liens ordinarily are not insisted upon, and that it would be unreasonable to let the statute 'interfere with the convenience of minor dealings in such methods as the usual practices establish.' Of the other class are the claims for patterns furnished to the moulding department of the Puget Sound Engine Works. As was said by the judge below, those who furnish the patterns have as fair a claim to be protected as those who erect the scaffolding upon which the carpenters stand in doing their work upon the ship.

Next it is said that the bond was without consideration because the contract was made on February 17, and the bond not executed until February 27, ten days later. But

the transactions may be regarded as simultaneous in a practical sense, and the bond being under seal, consideration is presumed.

The assignment of some of the claims did not affect the remedy. *United States* v. *Rundle*, 100 Fed. Rep. 400.

The allowance of a docket fee of $10 to each claimant appears to us to be correct. Rev. Stat., § 824. The claims are several and represent distinct causes of action in different parties, although consolidated in a single suit.

*Judgment affirmed.*