UNITED STATES for Use of PORT BLAKELY MILL CO. et al. v. MASSACHUSETTS BONDING & INS. CO. (JOHN DOUGLAS CO. et al., Interveners).

(District Court, W. D. Washington, N. D. August 8, 1912.

No. 1,949.

1. UNITED STATES (§ 67*)—PUBLIC CONTRACTS—ACTION ON BOND—CONDITIONS PRECEDENT.

It is not a condition precedent to a right to sue on a federal contractor's bond, as authorized by Act Cong. Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), that claimant shall have filed affidavits with the quartermaster's department, and obtained a certified copy of the bond with leave to sue.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

2. UNITED STATES (§ 67*)—PUBLIC IMPROVEMENT CONTRACT—BOND—FIXTURES.

Where, in a suit on a federal contractor's bond by materialmen, it appeared that all the materials furnished and for which suit was brought had gone into the permanent structure erected under the contract in question, and were expressly required for the performance thereof, defendant was liable on the bond without reference to whether the materials constituted fixtures.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

3. PLEADING (§ 15*)—FEDERAL CONTRACTOR'S BOND—ACTION—COMPLAINT.

An intervener's complaint in an action on a federal contractor's bond, after stating that the materials sued for were furnished the contractor and entered into the buildings·which were the subject· of the contract, that they had not been paid for, that payment was only secured by the contractor's bond referred to in the complaint, and closing with a statement that intervener referred to all of the allegations in the original complaint in so far as they were not inconsistent with the foregoing allegations and claim of intervener and made such allegations part of the complaint in intervention, was not demurrable by reason of incorporating such other allegations by reference, instead of by specific allegation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 37; Dec. Dig. § 15.*]

4. PAYMENT (§ 39*)—APPLICATION OF CREDITS.

Where an application of credits had been once so made as to reduce claims for materials furnished by an intervening creditor to a federal contractor to a particular amount, there could be no authority to make any other application.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 104–114; Dec. Dig. § 39.*]

At Law. Action by the United States, for the use of Port Blakely Mill Company, a corporation, and for the use of certain others, against the Massachusetts Bonding & Insurance Company, the John Douglas Company, the Brunswick-Balke-Collander Company, and the Rogers & Kohler Company, interveners. Judgment ordered for certain of the use plaintiffs and interveners.

This is a suit brought to recover from the defendant upon a bond for $53,674, given by it to secure the performance of a contract entered into by E. J. Rounds and M. J. Hursen, copartners, with the United States for the erection of certain buildings at Ft. Ward, in this district. The contract provided that these partners should "furnish all materials and labor and shall construct said buildings." The bond entered into by the defendant provided that, unless the copartnership should fully perform its contract and "promptly make full payment to all persons supplying the labor or materials in the prosecution of the work provided for in said contract," it should be effective. After the bringing of this suit, the interveners above named came into the suit, claiming to have furnished the partnership materials in the construction. Issue was joined by the defendant upon the complaint and complaints in intervention. The cause was referred for the taking of testimony, which has been returned, arguments heard, briefs filed, and the cause submitted to the court for decision, upon stipulation, without a jury. The defendant admits the contract and the giving of the bond, but puts in issue the allegations that materials were furnished for which payment has not been made.

Defendant has settled with the Port Blakely Mill Company, R. T. Davis (or Tacoma Mill Wood Supply Company), Travers & Stewart, and the Philip Carey Company, plaintiffs, leaving for decision the cases made by F. T.

---

Crowe & Co., Galbraith, Bacon & Co., of the original plaintiffs, and the above-named interveners.

The contract was completed and settlement made with the government July 30, 1910. This suit is brought under Act Aug. 13, 1894, c. 280, 6 Fed. St. Ann. 125, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905, c. 778, 10 Fed. St. Ann. 343, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071).

Hastings & Stedman, for plaintiffs.

Peters & Powell, for defendant.

Richard Saxe Jones, for interveners John Douglas Co. and Brunswick-Balke-Collander Co.

Milo A. Root, for interveners Rogers & Kohler Co.

CUSHMAN, District Judge (after stating the facts as above). Upon the argument and briefs, the defendant seeks to avoid liability upon several grounds, among others, because no affidavits were filed by claimants with the quartermaster's department, as required by the statute. This objection goes to all the claims. The statute provided:

"(Contractors for Public Buildings or Work to Give Bond to Pay for Labor and Material—Suit on Bond.) That the act entitled 'An act for the protection of persons furnishing materials and labor for the construction of public works,' approved August thirteenth, eighteen hundred and ninety-four, is hereby amended so as to read as follows:

"That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor or materials in the prosecution of the work provided for in such contract; and any person, company or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then after paying the full amount due the United States, the remainder shall be distributed pro rata among said intervenors. If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, that where suit is instituted by any such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final set-

tlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later: And provided further that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. . If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery. The surety on said bond may pay into court, for distribution among said claimants and creditors, the full amount of the sureties' liability, to wit, the penalty named in the bond, less any amount which said surety may have had to pay to the United States by reason of the execution of said bond, and upon so doing the surety will be relieved from further liability: Provided further, that in all suits instituted under the provisions of this act such personal notice of the pendency of such suits, informing them of their right to intervene, as the court may order, shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the state or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limited therefor."

It is further objected that the complaint of the intervener John Douglas & Co. does not allege any application made to the quartermaster's department, or the obtaining of any certified copy of the bond, or leave to sue. It is objected that the certified copies offered upon the trial date were dated six or eight months after the commencement of the trial.

[1] There is no reason advanced why these steps are conditions precedent to the right to sue, and, so long as the statute can be construed otherwise, it will be so held. "Another defense, set up in the same manner as the first, is that the United States should have been made a party, and, in connection with this, a further one that the suit cannot be maintained unless the plaintiff has applied, as provided in the statute, for a copy of the bond, and furnished an affidavit that labor or materials have been supplied by him for the prosecution of the work. The latter is the more substantial, as, of course, the suit was begun in the name of the United States to the real plaintiff's use. But the objection is not serious in either form. No suit had been brought by the United States for more than six months from the completion of the work, affidavits were made and copies filed by interveners, and in the circumstances the omission was only a formal defect. The language of the statute that after giving the affidavit the party should be furnished with a certified copy of the contract and bond, 'upon which he or they shall have a right of action,' etc., may be read as meaning 'upon which bond' as easily as 'upon doing which,' and hardly can be construed as making a condition precedent." Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72. The court finds that the plumbing materials furnished by this intervener were supplied the contractor; that, although the subcontractor, Mullin & Co., was to do the plumbing work, the contractor was primarily liable to the intervener for the materials furnished. This is explained by the witness Mullin. He says his posing as a subcontractor was to save the union men, whom they wanted to do the work, breaking the letter of one of their rules, prohibiting them working for a gen-

eral contractor. Therefore the contention of the defendant that this claim was a subterfuge to enable the contractors themselves to recover on the bond is contrary to the evidence.

[2] The court finds substantially all the materials furnished to have gone into the permanent structure. It is further considered, under the terms of the contract and bond—all of these materials being expressly required for the performance of the contract—that the defendant is liable, without regard to whether they are fixtures. See, also, Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72, wherein it was held that a steamer being constructed under contract for the United States is a public work within the meaning of the act.

[3] The terms of both agreements are sufficient to fix the defendant's liability as a common-law obligation. The question having been submitted to the court without any objection to its jurisdiction, and rising out of the statutory bond in controversy in the suit upon which there was complete jurisdiction, the claim of this intervener will be allowed at $637.79, with interest at the legal rate from June 30, 1910. What has been said above disposes of the objections made to the claim of the Brunswick-Balke-Collander Company, and that claim is allowed at $789.50, with interest as above.

[4] The only objection to the claim of the Rogers-Kohler Company not concluded by the foregoing ruling is that the complaint is demurrable in not stating facts sufficient to constitute a cause of action; the grounds urged being that this intervener's complaint, after stating that materials were furnished the contractor, which entered into the buildings, the subject of the Ft. Ward contract, that they were not paid for, and payment was only secured by the bond given by the defendant, referred to the plaintiff's complaint, and closed with:

"That this intervener refers to all the allegations in the original complaint herein, in so far as they are not inconsistent with the foregoing allegations and the claim of this intervener, and makes said allegations part of this complaint."

The defendant might have been entitled to a bill of particulars as to the paragraphs or allegations referred to. The court does not find any allegations of the complaint inconsistent with the allegations of the complaint in intervention; nor is any reason perceived why reference may not be made to the original complaint and its allegations adopted as in preceding counts in the same pleading. This intervener's claim is allowed at $656.30, and interest as above.

The claim of the plaintiff F. T. Crowe & Co. is contested upon the further ground that payments made upon general account were applied, after the controversy arose, so as to reduce other unsecured claims of Crowe & Co. against Rounds & Co., and correspondingly increase its claim against the defendant. The plaintiff Crowe & Co. contends that, in the absence of any plea of payment, this defense should not be considered. Under the issues as framed, there is no merit in this latter contention. The evidence shows that

the plaintiff was not surprised as this part of the controversy had been made the subject of a meeting of the parties interested long before the trial.

While the defendant is not able to show the misapplication of any specific credit, yet, in view of the fact that this plaintiff's claim was originally made for $1,829.91, and subsequently reduced, on account of a mistake, to $1,653.15, and further on account of the vagueness in the testimony of the witness Claussen, claimant's auditor, coupled with the failure to give any satisfactory explanation of a statement produced by plaintiff of a balance on account due May 31, 1910, on account of the Ft. Ward contract of $1,293.88, and taking into consideration that no materials were purchased from claimant after the above date, the court finds that this plaintiff has no preponderance of evidence showing it entitled to any greater amount than that stated, $1,293.88.

[5] The court concluded that this statement shows an application of credits up to that date, reducing the claim to this amount, which is allowed, with interest as above. The application of credits once having been made to reduce the claim to this amount, there would be no authority to make any other application of the credits.

The foregoing rulings control in the matter of the claim of the plaintiff Galbraith, Bacon & Co., which is allowed at $3,603.05, with interest as above. The amounts allowed will be further reduced by such dividends as have been realized from the bankruptcy of Rounds & Co. If there is any dispute concerning these credits, the parties will be further heard.

Findings may be prepared in accordance with the foregoing.