## SOUTHERN SURETY CO. v. PEOPLE'S STATE BANK OF SOUTH CAROLINA.

No. 3100.

Circuit Court of Appeals, Fourth Circuit.

Feb. 4, 1931.

■■■■■■■■■■■

Charles I. Dial, of Columbia, S. C. (Tobias & Turner, of Columbia, S. C., on the brief), for appellant.

Harold A. Mouzon, of Charleston, S. C. (Huger, Wilbur, Miller & Mouzon, of Charleston, S. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PER CURIAM.

This is an action at law, brought in the District Court of the United States for the Eastern District of South Carolina at Charleston, upon a bond, commonly known as the road contractor's bond, executed by appellant in November, 1927, guaranteeing the faithful performance of a certain paving contract. The bond was originally executed in favor of Zeigler Bros., contractors, but this firm later assigned the contract to Inglis Construction Company, and the Southern Surety Company indorsed the bond as written to cover the project as performed by the Inglis Company.

The appellee was plaintiff below, and will be so designated here. The construction company entered into an agreement with the plaintiff with respect to financing the contract, and the plaintiff advanced money to the Inglis Construction Company in various sums, until finally in July of 1928 the construction company owed the bank approximately $70,000, and was encountering difficulties in continuing operations on the project. The bank being unwilling to advance any further money to the construction company, an arrangement was entered into whereby the secretary of the construction company was appointed agent for the bank to pay off certain claims for labor and material and take assignments of such claims, the construction company executing its note bearing interest in favor of the bank in the amount of the money advanced to pay such claims.

The bond signed by the defendant as surety contained, among other provisions, the following:

" * * * And shall pay when and as due all lawful claims for labor performed or materials and supplies furnished for use in and about the construction of said highway or highway structures. * * * "

The application for the bond contained an assignment, the practical effect of which was to assign, under certain conditions, to the surety company as security, all estimates due and payable to the construction company by the state highway department.

The bank collected through payment of estimates on the project enough to pay practically all indebtedness of the construction company to it, but not sufficient to pay the labor and material claims assigned as above set out. For these claims so remaining unpaid the bank brought this suit against the construction company and the Southern Surety Company. At the trial the judge below instructed the jury to bring in a verdict against the construction company for the sum of $29,900.69 with interest, and against the Southern Surety Company in the sum of $28,856.44, the difference being money due the bank from the surety company over and above the amount of the material and labor claims. Judgment was entered, and from this judgment this appeal was taken.

■■ A study of the record and the charge of the learned trial judge leads us to the conclusion that the action of the court below was proper. Bonds of the character of the one here involved are to be liberally construed. Maryland Casualty Co. v. Ohio River Gravel Co. (C. C. A.) 20 F.(2d) 514; Maryland Casualty Co. v. Fowler (C. C. A.) 31 F.(2d) 881, 63 A. L. R. 1375, and authorities there cited. A compensated surety can only be relieved where the circumstances clearly justify relief. Fidelity & Casualty Co. v. Metal Window Products Co. (C. C. A.) 30 F.(2d) 56; Hooper-Mankin Co. v. C. & O. Rwy. Co. (C. C. A.) 30 F.(2d) 500.

■■ Here we can find nothing in the evidence that proves that the bank did anything improper or anything other than what it should have done in a proper effort to protect its interests. The surety company evidently knew, or, by proper inquiry upon which it was put, could have known, the exact situation. The money with which the bank paid the material and labor claims, and for which it took a proper assignment, went for the carrying out of the project. The assignee of a labor or material claim takes all the rights of the assignor against the contract bond. Title Guaranty & Trust Co. v. Crane, 219 U. S. 24, 31 S. Ct. 140, 55 L. Ed. 72. It is equally true that the mere fact that the holder of such a claim takes the note of the contractor for the amount of his debt does not affect his rights against the surety

on the bond. 32 Cyc. 212; U. S. F. & G. Co. v. U. S., 191 U. S. 416, 24 S. Ct. 142, 48 L. Ed. 242.

The rule in the United States courts is that a trial judge not only may, but should, direct a verdict where the evidence is of such a character that, if a verdict were rendered for one party, it would have to be set aside in the exercise of a sound judicial discretion. South Carolina Asparagus Growers' Association v. Southern Railway Company, 46 F.(2d) 452, decided by this court January 13, 1931, and authorities there cited.

The action of the judge below was proper.

Affirmed.