MASSACHUSETTS BONDING & INS. CO.
v. MORLEY et al.
No. 9896.

Circuit Court of Appeals, Eighth Circuit.
June 23, 1934.

David A. Murphy, of Kansas City, Mo. (Harding, Murphy & Tucker, of Kansas City, Mo., and Frank J. Comfort, of Des Moines, Iowa, on the brief), for appellant.

Frederic M. Miller, of Des Moines, Iowa (Jesse A. Miller and Alex M. Miller, both of Des Moines, Iowa, on the brief), for appellee Maryland Casualty Co.

Martin J. O'Donnell, of Kansas City, Mo. (William Buchholz, of Kansas City, Mo., on the brief), for appellee B. D. Morley.

Before SANBORN and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

B. D. Morley, trading under the firm name of Morley Construction Company, as principal, and the Maryland Casualty Company,

as surety, executed a statutory bond in the penal sum of $70,000 to the United States on June 6, 1931, to insure the faithful performance by him of a contract for the construction of certain additions and alterations to the United States Veterans' hospital at Knoxville, Iowa. On about June 20th Morley entered into a contract with one Grinnell by which the latter agreed to furnish all labor, materials, equipment, etc., necessary to do all of the plumbing, heating, ventilating, kitchen equipment, and outside work for a price of $39,400. On June 24th Grinnell, as principal, and the appellant, Massachusetts Bonding & Insurance Company, as surety delivered to Morley their bond in favor of the Morley Construction Company for the faithful performance of Grinnell's contract. Morley completed his contract with the United States. Grinnell likewise performed his contract with Morley except that he failed to pay certain supply houses and subcontractors for materials and labor furnished by them in the execution of his contract. Grinnell completed his work on January 2, 1932, and received final payment pursuant to the terms of his contract. On February 19, 1932, the United States also made final settlement with Morley.

This suit was brought on October 3, 1932, by the Crane Company and the Murray Iron Works Company in the name of the United States for their use against Morley and the Maryland Casualty Company upon Morley's bond to the United States, to recover the aggregate sum of $8,154.74 for material and labor furnished to Grinnell and used by him in the performance of his contract. Certain other creditors of Grinnell, who had also furnished materials and labor under his contract, intervened and sought to recover the sums due them.

Morley and Maryland Casualty Company filed answers and by cross-petitions impleaded the appellant Massachusetts Bonding & Insurance Company, the surety on Grinnell's bond. Grinnell went into involuntary bankruptcy before this suit was brought. The cause was tried to the court, a jury having been waived by stipulation, and the use plaintiffs and interveners recovered judgment against Morley and the Maryland Casualty Company, and judgment was also entered in favor of Morley and Maryland Casualty Company against the Massachusetts Bonding & Insurance Company in the sum of $13,684.02, being the aggregate of the materialmen's judgments.

This appeal by the Massachusetts Bonding & Insurance Company involves only a controversy between itself on the one side and Morley and his bondsman on the other, and the dispute is upon a narrow point. The appellant, Massachusetts Bonding & Insurance Company does not deny that it executed the bond to Morley, nor that it thereby became surety for Grinnell's faithful performance of his subcontract according to its terms; but it contends that Morley breached certain conditions of the bond contained in the fourth subdivision thereof.

The fourth subdivision of the bond reads: "Fourth: That the Obligee (Morley) shall faithfully perform all the terms, covenants, and conditions of such contract on the part of the Obligee to be performed, exclusively at the times and in the manner therein specified, and shall also retain that proportion of the contract price, which such contract specifies the Obligee shall or may retain until the complete performance by the Principal of all the terms, covenants, and conditions of said contract on the Principal's part to be performed; and until the expiration of the time within which liens or notices of liens may be filed, and until the discharge of such liens, if any, and the Obligee shall at all times preserve and exercise all rights provided for his protection by the laws relating to liens of the State wherein said contract is to be performed; and in any event, whether provided in said contract or not, there shall be so retained at least 10% of said contract price."

The allegations of appellant's answer by which it pleaded the alleged breach by Morley of the condition of the fourth subdivision of the bond are as follows: " * * * That said cross petitioner (Morley) breached said bond and said condition thereof, in that he did not retain at least 10% of the contract price in said contract set forth until the expiration of the time within which liens or notices of liens might be filed, and until the discharge of such liens, and that by virtue of such breach said cross petitioner discharged this answering defendant from all liability under said bond."

The substance of the contentions for appellant presented by its assignments of error is that a "proper interpretation" of the fourth paragraph of the bond required Morley to hold back 10 per cent. of the contract price from Grinnell "until the expiration of the time within which claims might be filed against the statutory bond" (that is, against the bond Morley had given to the government).

The contention is without merit. The Grinnell bond was executed by appellant with reference to and for the faithful performance of the contract between Morley and Grinnell, which contract contained the provision that "payments shall be made monthly upon estimates made up by the inspector of the Veterans Bureau." Manifestly if Morley had refused to pay Grinnell monthly upon the estimates so made up he would have breached a contract and he would have breached the condition of the fourth paragraph of the bond which bound him to the faithful performance of all the terms of his contract "at the time and in the manner therein specified." The fourth subdivision of the bond as executed and quoted above says nothing about Morley retaining any percentage of Grinnell's contract price until claims might be filed against Morley's statutory bond to the government, and, if the court should interpolate something to that effect under guise of interpretation, it would conflict directly with Morley's clearly expressed obligation to make payments monthly upon estimates made up by the inspector of the Veterans' Bureau. A contractor for labor and materials used in government buildings takes no lien upon the public property of the United States. United States v. Ansonia Brass & Copper Co., 218 U. S. 452, 31 S. Ct. 49, 54 L. Ed. 1107; Title Guaranty & Trust Co. v. Crane Co., 219 U. S. 24, 31 S. Ct. 140, 55 L. Ed. 72; United States, for Use of Hill v. American Surety Co., 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437; People v. Metropolitan Surety Co., 211 N. Y. 107, 105 N. E. 99.

We should presume that both the contractors and the bonding company knew the law when the bond was made and knew that the requirement that Morley should retain a percentage until time for filing liens could impose no burden or obligation upon Morley in respect to the government work. The provisions were obviously appropriate only as to work on property that could be subjected to mechanics' and materialmen's liens, or to public work, where, either by contract or by statute, the contractor had the right to retain a percentage of the purchase price until the time within which laborers or materialmen might file claims against the bond had expired. But the fact that no such liens could attach to the government buildings covered by the contract and that the clauses imposed no duty upon Morley does not in the slightest suggest that the bond should be avoided or that there should be a strained interpretation which would make Morley's obligations inconsistent and impossible of performance. As the bond stands, Morley's obligation was to pay "monthly on estimates made up," and, as he had no obligation to hold back for nonexistent liens, he has fully complied with his obligation and was guilty of no breach of the condition of the bond executed to him by the appellant.

The judgment in his favor and that of his bondsman was right and is affirmed.