UNITED STATES, for Use of MENGEL BODY CO., Inc., et al. v. METROPOLI-TAN BODY CO. et al.

No. 375.

Circuit Court of Appeals, Second Circuit.

Sept. 16, 1935.

Marsh, Stoddard & Day, of Bridgeport, Conn., and Watrous, Hewitt, Gumbart & Corbin, of New Haven, Conn. (Philo C. Calhoun, of Bridgeport, Conn., and Chas. A. Watrous, of New Haven, Conn., of counsel), for appellants.

Pullman & Comley, of Bridgeport, Conn. (Arthur M. Comley, of Bridgeport, Conn., of counsel), for appellant Massachusetts Bonding & Insurance Co.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought by the plaintiff for the use of Mengel Body Company, Inc., a New Jersey corporation, and the Haskelite Manufacturing Corporation, a New York corporation, and such other creditors of the Metropolitan Body Company as might intervene, against the last-mentioned company, a Connecticut corporation, and the Massachusetts Bonding & Insurance Company, a corporation organized under the laws of Massachusetts, upon a performance bond executed by the Massachusetts Company. A demurrer to the complaint having been sustained, the judgment for the defendants from which this appeal has been taken was entered.

On July 30, 1931, the Metropolitan Body Company entered into a written contract with the United States to build for and deliver to the latter one thousand mail truck bodies as described therein f. o. b. Bridgeport, Conn. The bodies were built and delivered as per contract. They were paid for as agreed and became the property of the government upon delivery.

Also on July 30, 1931, the Metropolitan Body Company delivered to the United States a bond duly executed by Massachusetts Bonding & Insurance Company which was entitled a "Standard Government Form of Performance Bond," conditioned as follows: "Now therefore, if the principal shall well and truly perform and fulfill all the undertakings, covenants, terms, conditions, and agreements of said contract during the original·term of said contract and any extensions thereof that may be granted by the Government, with or without notice to the surety, and during the life of any guaranty required under the contract, and shall also well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of any and all duly authorized modifications of said contract that may hereafter be made, notice of which modifications to the surety being hereby waived, and if said contract is for the construction or repair of a public building or a public work within the meaning of the Act of August 13, 1894, as amended by the Act of February 24, 1905, shall promptly make payment to all persons supplying the principal with labor and materials in the prosecution of the work provided for in said contract, and any such authorized extension or modification thereof, then, this obligation to· be void; otherwise to remain in. full force and virtue."

The use plaintiffs and interveners all furnished materials to the Metropolitan Body Company which went into the construction of the mail truck bodies and for which they have not been paid. Their case is based upon the claim that the contract between the government and the Metropolitan Body Company was for the construction of "a public work within the meaning of the act of August 13, 1894 [28 Stat. 278], as amended by the Act of February 24, 1905 [33 Stat. 811]," which is commonly known as the Heard Act (40 USCA § 270), so that the condition of the above-mentioned bond gave to them the security of the bond for the collection of payment for the materials they furnished.

It is apparent that the condition of the bond gives them such security only if the construction of the mail truck bodies should be held to have been the construction of a public work. The Heard Act provides for the giving of a bond by a contractor, who undertakes to construct a public work, which will protect the United States and those who furnish to the contractor materials for use in the construction. If the United States does not sue on the bond within six months from the completion and final settlement of the contract, and in this instance it has not, the materialmen may within one year. The use plaintiffs brought this suit within the allowed period. So the outcome of this appeal depends solely upon whether the subject-matter of the contract under which the bond was given was the construction of a public work within the meaning of the Heard Act. While it was made clear in Title Guaranty & Trust Co.· v. Crane Co., 219 U. S. 24, 31 S. Ct. 140, 55 L. Ed. 72, that a public work need not necessarily be attached to the soil, it was made equally clear that the true test was whether or not it belonged ·to a representative of the public. If it did, it was a public work; otherwise not. And in United States v. Ansonia Brass & Copper Co., 218 U. S. 452, 31 S. Ct. 49, 54 L. Ed. 1107, it was pointed out that ·the Heard Act was passed in recognition of the inability of contractors for labor and materials to protect themselves by taking liens upon the public property of the United States.

These mail truck bodies were at the risk of the builder and were its property during all the time they were being built. Not until they were completed, delivered f. o. b. cars at Bridgeport, Conn., and accepted by the government, did they become the property of the public. Before that the materials furnished had been built into the private property of the contractor which was as available for subjection to the satisfaction of the claims of these use plaintiffs and interveners as any property of the debtor. When delivered and thereafter, the contractor's work was done and they were the property of the government without ever having been a public work.

Granting that the bodies were a "work" while work was being done upon them, the test laid down in Title Guaranty & Trust Co. v. Crane Co., supra, made them a private work during that period. In this respect they differed from other property the government might buy only in that they were made to special order. This is in accord also with the rationale

of the decision in Title Guaranty & Trust Co. v. Puget Sound Engine Works (C. C. A.) 163 F. 168, where title during the progress of the work was recognized as the decisive feature. Consequently, we agree with the District Court that the complaint failed to state a cause of action on the bond, since the contract was not for the construction of a public work.

One other point remains. The use plaintiffs moved to amend the complaint after the demurrer was sustained, but the motion was denied on the ground that the complaint, even if amended as proposed, would still fail to state a cause of action. The gist of the proposed amendment was that agents of the United States had represented to the use plaintiffs while the materials were being furnished for the construction of the bodies "that their inspection and approval of said materials on behalf of the United States of America and the incorporation of said materials thereafter into said bodies were effective to pass the title to such materials to the United States of America, or to give to the United States of America such interest therein as to bar the right of attachment by the use plaintiffs under the statutes of the state of Connecticut"; and that "having no knowledge of the terms of the contract between the United States of America and the Metropolitan Body Company, except that they were informed and believed that performance of said contract and the payment of labor and materialmen were secured by proper bond, and relying on said representations of the agents and officials of the government (they) refrained from attempting to attach said materials or bodies into which they had been incorporated in order to secure their claims against defendant, the Metropolitan Body Company." This is followed by the allegation that because of the facts set forth the use plaintiffs believe the contracting parties intended to have title to the materials pass to the United States when they were incorporated into the bodies; that said intention was, or ought to have been, known to Massachusetts Bonding & Insurance Company; and that the defendants are estopped to deny that title did so pass.

On the merits of this amendment little need be said. It is based wholly upon the allegation of representations made by agents of the government and not at all upon representations made by either of the defendants. Moreover, the alleged facts are no more than the expression by government agents of an opinion as to the legal effect of a contract. Had the amendment been allowed, it would have added nothing material to the original complaint. It is said, however, that Connecticut practice requires the allowance of the amendment in order that a question of substantive right be not decided on a motion to amend the complaint. Newman v. Golden, 108 Conn. 676, 144 A. 467; Smith v. Furness, 117 Conn. 97, 166 A. 759. However that may be, the point is purely technical with no effect upon the substantial rights of the parties and so not cause for reversal. 28 USCA § 391.

Judgment affirmed.