### COMMERCIAL STANDARD INS. CO.
v.
### UNITED STATES for Use of CRANE CO.
No. 4766.

United States Court of Appeals, Tenth Circuit.

May 15, 1954.

C. J. Watts, Oklahoma City, Okl. (Looney, Watts, Ross, Looney & Nichols, Oklahoma City, Okl., on the brief), for appellant.

J. B. McClelland, Jr., Oklahoma City, Okl. (Bruce McClelland, L. G. Kneeland, and Robert O. Bailey, Oklahoma City, Okl., on the brief), for appellee.

*Before* BRATTON, HUXMAN *and* PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Crane Co., a corporation, as use plaintiff, brought this action against O. K. Sprinkler and its surety, Commercial Standard Insurance Company, to recover the balance due for materials furnished Sprinkler under a contract with the United States. The bond of the surety was required by the Miller Act, 40 U.S. C.A. § 270a. The trial court held that the material was used in the prosecution of the work provided for in the contract and was covered by the bond. The ques-

tion presented on appeal is whether such a bond covers material which was furnished to a contractor and which was not actually used in the performance of a contract, but which replaced identical material taken from the contractor's inventory and used on the contract job.

The material facts are not in dispute. In August, 1951, Sprinkler entered into a contract for the installation of an automatic sprinkler system in government buildings at Ft. Sill, Oklahoma. For the purpose of acquiring materials to complete the job, the contract was assigned a priority rating by the National Production Authority. Sprinkler placed an order for a quantity of black steel pipe with Crane. Relying upon the priority order, Crane agreed to fill the order. The purchase order showed that the pipe was to be used in the Ft. Sill contract and that it was to be shipped to the Field Office Location of Sprinkler in Oklahoma City, Oklahoma. Sprinkler maintained its shop in Oklahoma City where it kept an inventory of materials including the identical kind of pipe which it ordered from Crane. All material for the Ft. Sill job was to be fabricated in the Oklahoma City shop. Before the Crane pipe was delivered, Sprinkler, for its own convenience, took pipe from its inventory, fabricated it to meet the specifications of its contract, and then transported it to Ft. Sill where it was installed in the performance of the contract. A short time later, Crane delivered the pipe pursuant to the order, which was of the same kind, grade and quantity installed by Sprinkler in accordance with the plans and specifications of the contract job. When the order arrived, Sprinkler put the pipe in its inventory to replace that which had been taken out to complete the contract. Under these facts, Commercial urges that the material was not furnished in the prosecution of the work provided for in the contract, and that there can be no recovery under the Miller Act bond.

The relevant provisions of the Miller Act are:

"(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':

\*    \*    \*    \*    \*    \*

"(2)    A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." 40 U.S.C.A. § 270a.

\*    \*    \*    \*    \*    \*

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him \*  \*  \*." 40 U.S.C.A. § 270b.

█ The provisions of the Miller Act are to be liberally construed to carry out its purposes. In Standard Accident Insurance Co. v. United States, for Use and Benefit of Powell, 302 U.S. 442, 444, 58 S.Ct. 314, 315, 82 L.Ed. 350, it was said in referring to this Act: "And we are committed to the doctrine that it should be liberally construed in aid of the evident public object—security to those who contribute labor or material for public

works".[1] See also Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163; Brogan v. National Surety Co., 246 U.S. 257, 38 S.Ct. 250, 62 L.Ed. 703; Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; United States Fidelity and Guaranty Co. v. United States ex rel. Bartlett, 231 U.S. 237, 34 S.Ct. 88, 58 L.Ed. 200; Title Guaranty & Trust Co. of Scranton, Pa. v. Crane Co., 219 U.S. 24, 31 S.Ct. 140, 55 L.Ed. 72; Glassell-Taylor Co. v. Magnolia Petroleum Co., 5 Cir., 153 F.2d 527. These cases also recognize the rule that the Miller Act does not require that the labor or material which has been furnished be actually used in or incorporated into the contract work. A recovery is permitted when the work or materials have been "furnished * * * in the prosecution of the work".[2]

In Glassell-Taylor Co. v. Magnolia Petroleum Co., supra, the Fifth Circuit carried the rule a step further. It was there held that where the use plaintiff in good faith supplied the contractor with materials indispensable to the prosecution of the contract work, the fact that the material, after it was beyond the disposition and control of the use plaintiff, was diverted to a private

---

1. The development of the liberal rule of construction and the broad coverage of the Miller Act is discussed by Judge Hincks in United States ex rel. Purity Paint Products Corp. v. Aetna Casualty & Surety Co., D.C.Conn., 56 F.Supp. 431.

2. In the application of the liberal construction rule, the courts have permitted recovery under a Miller Act bond in a wide variety of situations:
United States, for Use of Hill v. American Surety Co., 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437.
(Under a contract for the construction of observation towers, a materialman who furnished materials to subcontractor, and not directly to the contractor, recovered on the bond.)
Title Guaranty & Trust Co. of Scranton, Pa., v. Crane Co., 219 U.S. 24, 31 S.Ct. 140, 55 L.Ed. 72.
(Under a contract to build a steamer, claims of a materialman against the bond for patterns furnished to the moulding department of the contractor to make molds for the castings entering into the construction of a ship were allowed.)
United States Fidelity and Guaranty Co. v. United States ex rel. Bartlett, supra.
(Under contract to construct a breakwater, all the labor at a quarry fifty miles away was permitted to recover on the bond, and included were those who stripped the earth to get the stone and who removed the debris, carpenters and blacksmiths who repaired the cars in which the stone was carried to the quarry, and those who repaired the tracks upon which the cars moved.)
Illinois Surety Co. v. John Davis Co., supra.
(Under a contract for work on Naval Training Station, rental of cars, track and equipment, and expense of loading the plant and freight thereon to and from the station were held to be recoverable under the bond on the ground that it was equipment and expense used and incurred in the prosecution of the work.)
Brogan v. National Surety Co., supra.
(Under a contract to widen a river channel, provisions furnished to a contractor who, because of special circumstances had to board the laborers, were used "in the prosecution" of the work and were covered by the bond. The Court said, 246 U.S. at page 261, 38 S.Ct. at page 251, 62 L.Ed. 703: "This court has repeatedly refused to limit the application of the act to labor and materials directly incorporated into the public work.")
Standard Accident Insurance Co. v. United States, etc., supra.
(Under a contract to construct a federal building, a claim by a railroad for unpaid freight charges due for the transportation of materials to the building, was one for "labor and materials" within the meaning of the Act.)
Glassell-Taylor Co. v. Magnolia Petroleum Co., supra.
(Under a contract to build an airdrome, supplier of gasoline and oils which were furnished to subcontractor and which were indispensable in the prosecution of a government contract was entitled to recover on Miller Act bond, notwithstanding the fact that materials were not wholly consumed in the prosecution of the work since materials were furnished in good faith at the points designated by the subcontractor and deliveries were made under circumstances which justified the supplier in believing that they were going to be used by the subcontractor in the fulfillment of his contract.)

use, would not prevent a recovery on the bond. We need not reach that point as we hold that the facts of this case bring it within the rationale of the other cases cited herein. The purchased material was indispensable for the completion of the contract. The material installed in the job was identical to that purchased and would not have been used by Sprinkler if the pipe order from Crane had not been forthcoming. The bond covered the kind of material installed by Sprinkler under its contract. The coverage of the bond is not enlarged or extended in any way, and recovery under these conditions could be denied only upon technical rules which should not be applied in a proceeding under the Miller Act.[3]

Judgment affirmed.

3. In Illinois Surety Co. v. John Davis Co., supra, it was said [244 U.S. 376, 37 S.Ct. 616]:

"First: The purpose of the act was to provide security for the payment of all persons who provide labor or material on public work. This was done by giving a claim under the bond in lieu of the lien upon land and buildings customary where property is owned by private persons. Decisions of this court have made it clear that the statute and bonds given under it must be construed liberally, in order to effectuate the purpose of Congress as declared in the act. In every case which has come before this court, where labor and materials were actually furnished for and used in part performance of the work contemplated in the bond, recovery was allowed, if the suit was brought within the period prescribed by the act. Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute."