UNITED STATES of America for the Use of WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a corporation, Plaintiff,

v.

Ralph A. FOURT, doing business as Fourt Construction Company, Calvin D. Clevenger, doing business as Clevenger Electric Company, American Bonding Company of Baltimore, a corporation, Defendants.

Civ. No. 6412.

United States District Court
W. D. Oklahoma.

May 31, 1955.

Robert L. Cox, Oklahoma City, Okl., for plaintiff.

Bethell & Pearce, Ft. Smith, Ark., for defendants.

WALLACE, District Judge.

The Government, for the use and benefit of Westinghouse Electric Supply Company, a Delaware corporation (herein referred to as Westinghouse) brings this action under the Miller Act to recover for electrical material sold to defendant Clevenger Electric Company, in connection with Clevenger's work as electrical contractor on the remodeling and conversion of a military building at Fort Sill, Oklahoma, wherein the defendant Ralph A. Fourt, of Ft. Smith, Arkansas, doing business as Fourt Construction Company (herein referred to as Fourt) was prime contractor [1] and principal on the payment bond issued for such job; and, defendant American Bonding Company of Baltimore, a Maryland corporation (herein referred to as American Bonding) was surety on said bond.[2]

From the introduced evidence the Court finds:

1. The statement of account introduced in evidence by Westinghouse (Exhibit No. 5) is a true and correct statement of the account between Westinghouse and defendant Clevenger, for material furnished in connection with and necessary for the prosecution of work under the instant contract; and, the amount of $3,653.54 is correct and unpaid, except for a credit of $44 which should be allowed;[3] and with the further exception of $948.57 charged for wire which although billed under the instant contract was in fact neither obtained nor used to carry out the contract in question.[4]

2. All material furnished by Westinghouse to defendant Clevenger referred to in Finding No. 1 (other than that expressly excepted) was for use in connection with the contract in question and was material indispensable to the prosecution of the contract work.[5]

---

1. This contract between Fourt and the United States of America, entered into April 28, 1953, and designated as No. DA–34–031 AIV–564, O.I. 1613, provided that Fourt should furnish all labor and material and perform all work required for the conversion of Building No. 1609 to Training Aids Sub-Center, Fort Sill, Oklahoma, according to contract specifications.

2. This bond, issued in conformity with 40 U.S.C.A. § 270a and delivered to the United States, was executed in the penal sum of $9000 and conditioned that said principal would promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract.

3. This credit is for a reel which was returned by Clevenger to Westinghouse subsequent to the filing of this action.

4. From the evidence, it is clear that of the 2028 lbs. of WP 1/0 wire, and 271 lbs. of No. 2 wire referred to in Invoice No. DS12–750192, that only 385 lbs. of WP 1/0 wire, and 85 lbs. of No. 2 wire, were ordered and needed by Clevenger on the job in question. The difference between the charge made under this invoice ($1239.70) and the wire actually needed and used on this job ($335.13) including sales tax, is $948.57.

5. Although much of the shipped material was not physically used on the job in question such material went to replace electrical equipment stock actually used on the job. As ruled in Commercial Standard Ins. Co. v. United States for Use of Crane Co., 10 Cir., 1954, 213 F.2d 106, Syl. No. 2: "Surety bond, posted pursuant to Miller Act, requiring persons having contract with United

3. Written notice, stating with substantial accuracy the claimed amount and name of the party to whom the material was furnished, was served by Westinghouse on the contractor, Fourt, on January 11, 1954, which was within 90 days from the date on which Westinghouse supplied the last of the material for which claim is made herein.[6]

4. The final settlement between the United States and Fourt under the contract in question was made on November 16, 1953, less than one year prior to the institution of this action.[7]

5. Fourt, at the completion of the job in question, paid Clevenger the amount agreed upon between them for furnishing the material and labor to do the required electrical work under the instant contract.

6. Westinghouse did not agree to deliver within 30 days after receipt of the order therefor the materials ordered by Clevenger for the job in question.

In light of the introduced evidence the Court is of the opinion that plaintiff is entitled to judgment for $2660.97 against defendants Fourt, American Bonding and Clevenger. In addition, upon payment by Fourt or American Bonding of the amount of said judgment, the party making such payment is entitled to judgment over against defendant Clevenger for the amount so paid. Also, Westinghouse is entitled to judgment on Clevenger's counter-claim.

In support of the Court's judgment the following conclusions of law are recognized:

1. Westinghouse furnished the material, the purchase price of which resulted in judgment against the defendants, in the prosecution of the work provided for in contract No. DA–45031 AIV–564, O.I. 1613, between the United States of America and Ralph A. Fourt, within the meaning of 40 U.S.C.A. §§ 270a, 270b, 270c and 270d.

2. Proper notice was served upon defendant Fourt, the contractor, in full compliance with 40 U.S.C.A. § 270b.

Within 10 days counsel should submit a journal entry which conforms with this memorandum opinion.

---

States for construction, alteration, or repair of any public building or public work, to furnish bond for protection of persons supplying labor and material in the prosecution of the contract work, covered material which was furnished to contractor, and which was not actually used in performance of the contract, but which replaced identical material taken from contractor's inventory and used on the contract job. * * * "

6. Material shipped to this job site October 9, November 6, November 13 and November 17, 1953, was used to replace material used on this job.

7. This action was filed September 29, 1954.