## STANDARD ACCIDENT INSURANCE CO. *v.* U. S. FOR THE USE AND BENEFIT OF POWELL ET AL., RECEIVERS, ETC.

No. 41. Argued December 8, 1937.—Decided January 3, 1938.

*Mr. Stuart B. Warren,* with whom *Mr. George W. Wylie* was on the brief, for petitioner.

*Mr. John Bell,* with whom *Messrs. Peter O. Knight* and *C. Fred Thompson* were on the brief, for respondents.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The petitioner is surety on a post office construction bond given pursuant to the Act of Congress approved August 13, 1894, c. 280, 28 Stat. 278, as amended, 40 U. S. C. § 270, which provides—

"Any person or persons entering into a formal contract with the United States for the construction of any

public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States. . . ."

Respondent, common carrier by railroad, having transported material for the structure, sued on the bond to recover freight charges and prevailed in both courts below. They held it was "a corporation who has furnished labor or materials used in the construction" of a public building. The correctness of this conclusion is the only question before us.

The cause is here because of conflicting opinions in Circuit Courts of Appeals. *U. S. to use of Sabine & E. T. Ry. Co.* v. *Hyatt,* 92 Fed. 442; *Title Guaranty & Trust Co.* v. *Puget Sound Engine Works,* 163 Fed. 168; *Mandel* v. *U. S. to use of Warton & N. R. Co.,* 4 F. (2d) 629; *Maryland Casualty Co.* v. *Ohio River Gravel Co.,* 20 F. (2d) 514; *Stuart for use of Florida East Coast Ry. Co.* v. *American Surety Co.,* 38 F. (2d) 193; *Standard Accident Ins. Co.* v. *U. S. for use of Powell,* 89 F. (2d) 658.

Petitioner maintains that freight cannot be considered as "labor or material" without doing violence to the words

of the statute; also that Congress did not intend to extend further protection to carriers who could enforce their lien for charges by retaining and selling the materials.

*Stuart for use of Florida East Coast Ry. Co.* v. *American Surety Co.,* Circuit Court of Appeals Fifth Circuit (1930), *supra,* carefully considered and denied these defenses and stated reasons therefor which we deem adequate. This was followed by the court below in the present cause.

The statute often has been before us. *Guaranty Co.* v. *Pressed Brick Co.,* 191 U. S. 416; *U. S. for use of Hill* v. *American Surety Co.,* 200 U. S. 197, 201; *Title Guaranty & T. Co.* v. *Crane Co.,* 219 U. S. 24; *U. S. Fidelity & Guaranty Co.* v. *U. S. for benefit of Bartlett,* 231 U. S. 237; *Equitable Surety Co.* v. *U. S. for use of McMillan,* 234 U. S. 448, 456; *Illinois Surety Co.* v. *John Davis Co.,* 244 U. S. 376, 383; *Brogan* v. *National Surety Co.,* 246 U. S. 257, 262. And we are committed to the doctrine that it should be liberally construed in aid of the evident public object—security to those who contribute labor or material for public works.

Certainly labor is required for loading freight on railroad cars, moving these over the road, and unloading at destination. A carrier who has procured the doing of all this in respect of material has "furnished labor." If a contractor had employed men to move the same kind of material in wheelbarrows, there could be no doubt that he furnished labor. In principle the mere use of cars and track and a longer haul creates no materially different situation.

Nor do we find reason for excluding the carrier from the benefit of the bond because it might have enforced payment by withholding delivery. The words of the enactment are broad enough to include a carrier with a lien. Nothing in its purpose requires exclusion of a railroad. Refusal by the carrier to deliver material until all charges

were paid might seriously impede the progress of public works, possibly frustrate an important undertaking.

*State for use of Pennsylvania R. Co.* v. *Aetna Casualty & Surety Co.,* (1929) 34 Del. 158; 145 Atl. 172, gave much consideration to a similar statute. The conclusion there reached accords with our view.

The judgment of the court below must be

*Affirmed.*