Ralph A. FOURT, doing business as Fourt Construction Company, and American Bonding Company of Baltimore, a corporation, Appellants,

v.

UNITED STATES of America, for the use of WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a corporation, and Calvin D. Clevenger, doing business as Clevenger Electric Company, Appellees.

No. 5255.

United States Court of Appeals Tenth Circuit.

June 23, 1956.

**434**

Edgar E. Bethell, of Bethell & Pearce, Forth Smith, Ark., for appellants.

Robert L. Cox, Oklahoma City, Okl., for appellees.

Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.

ROGERS, District Judge.

This is an appeal from a judgment in favor of Westinghouse Electric Supply Company in the amount of $2,660.97 against Ralph L. Fourt, prime contractor and the latter's corporate surety, American Bonding Company. The suit was brought under the Miller Act, 40 U.S.C.A. § 270a et seq., and pertains to a contract entered into between Fourt and the United States to convert a certain building at Fort Sill, Oklahoma, into a Training Aid Sub-center. Fourt, in turn, sub-let the furnishing and installation of electrical materials to one Clevenger. Clevenger, during the periods hereinafter mentioned, ordered from appellee Westinghouse Electric Supply Company, electrical materials called for in the specifications which were a part of the contract between Fourt and the United States. It was for a claimed balance of $3,653.54 that complaint was filed below.

Two questions are presented for review. First, did the appellee materialman give the contractor the ninety-day notice required by Section 270b of Title 40 U.S.C.A.? Second, did the materialman give the sub-contractor proper credit for payments made by the latter, during the period when the Fourt-United States contract was being performed?

A brief chronology of events is necessary for a determination of the issues here pending. A contract between Ralph A. Fourt and the United States was signed April 28, 1953, and among the many provisions thereof was one providing that the work be completed within ninety calendar days after Fourt received a "notice to proceed" from the government. This notice was given on May 11, 1953. Physical completion of the contract for all purposes was accomplished September 29, 1953. Final inspection of the job by Post Engineers was had on October 2, 1953. Final settlement of the contract, as between Fourt and the United States was had on November 16, 1953.

Appellee Westinghouse made a series of shipments of materials pursuant to orders from sub-contractor Clevenger, the last series of which occurred on October 9, November 6, November 13 and November 17, 1953. A written notice of delinquency was duly served upon the prime contractor, Fourt, by appellee Westinghouse on January 11, 1954. Evidence, substantial in nature, establishes that the materials which made up the last shipments, were ordered for the job, but on arrival were placed in the sub-contractor's inventory to replace identical items theretofore removed from the sub-contractor's inventory and used in the prosecution of the work provided for in the contract.

The record demonstrates with finality that the statutory notice required by Section 270b, supra, from the materialman to the prime contractor, was received by appellants from appellee fifty-five days after the shipment by appellee to Clevenger was received by the latter on November 17, 1953.

As to the first question, relative to the giving of notice, we must resolve it favorably to appellee, inasmuch as the surety bond furnished by the appellant American Bonding Company of Baltimore, covers material furnished the contractor and which was not actually used in the performance of the contract, but which replaced identical items withdrawn from the sub-contractor's inven-

tory, and actually used on the contract job.

■ The provisions of the Miller Act, Title 40 U.S.C.A. § 270a et seq., requiring persons holding contracts with the United States for the construction, alteration and repair of any public building or public work to furnish bonds for the protection of the persons supplying labor and material, is to be liberally construed to carry out its purpose. See Standard Accident Insurance Co. v. United States, for Use and Benefit of Powell, 302 U.S. 442, 58 S.Ct. 314, 82 L. Ed. 350. MacEvoy Co. v. United States, for Use and Benefit of Calvin Tomkins Co., 322 U.S. 102, 104, 64 S.Ct. 890, 88 L.Ed. 1163, and Brogan v. National Surety Co., 246 U.S. 257, 38 S.Ct. 250, 62 L.Ed. 703.

■ The Miller Act permits recovery when the materials have been furnished in the prosecution of the work and does not require that the labor or material furnished be actually used or incorporated into the contract work. See Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; United States Fidelity & Guaranty Co. v. United States, 231 U.S. 237, 34 S.Ct. 88, 58 L.Ed. 200; Title Guaranty & Trust Co. of Scranton, Pa. v. Crane Co., 219 U.S. 24, 31 S.Ct. 140, 55 L.Ed. 72.

■ That this rule has been followed in this Circuit in a case on all fours with the instant one, is seen from Commercial Standard Ins. Co. v. United States for Use of Crane Co., 10 Cir., 1954, 213 F.2d 106. There Judge Pickett, after reciting a state of facts practically parallel to those narrated above, traces the decisions of trial courts, Courts of Appeals and the Supreme Court of the United States, which formed the basis for the rules herein announced. In the Crane case, the bond furnished pursuant to Section 270a, supra, was held to cover materials furnished by the contractor and which, though not actually used in the performance of the contract, replaced identical material taken from the contractor's stock-pile and used by the contractor on the job.

■ Turning, now, to the second point wherein appellants claim that some $41,579.09 of payments made by the sub-contractor Clevenger to Westinghouse, between the dates of August 15, 1953 and September 21, 1954, were improperly credited, and that a proper application of the credits would have extinguished the balance now merged by the instant judgment, recourse must first be had to the evidence adduced by the parties below.

The evidence reveals that during the time the Fourt contract with the government was active, the sub-contractor Clevenger had made purchases of materials from the appellee for a number of bonded government jobs. Among these may be mentioned one for classrooms at Fort Sill, a Link Trainer Building job, Fort Sill; an academic building job at Fort Sill; a Battalion Motor Pool facilities building, Fort Sill; a hangar job, Fort Sill; an academic building job, Vance Air Force Base; a hospital building job, Vance Air Force Base, and an academic building job at Enid, Oklahoma.

The record in this case indicates that payments were made by Clevenger for application to specific jobs mentioned above. No demand or request was made of appellee by Clevenger, or by the appellants Fourt or the Bonding Company for any crediting of the payments other than that which was made by the appellee Westinghouse. Nothing of an evidentiary nature, or in any of the authorities cited by appellants would warrant overturning the trial court's findings, conclusions and rulings relative to application of payments.

We conclude, therefore, that neither of appellants' points relied upon for reversal, are tenable, and that the judgment of the trial court is correct.

The judgment is affirmed.