Charles B. MONTGOMERY, trading and doing business as Montgomery Construction Co., Plaintiff,

v.

UNITY ELECTRIC CO., Inc., a Florida Corporation, and Unity Electric Co. of Puerto Rico, Inc., a Puerto Rican Corporation, Defendants,

Gerardino & Co., Inc., Intervenor,
and
United States Fidelity & Guarantee Co., Third Party Defendant.

Civ. No. 8867.

United States District Court
D. Puerto Rico, San Juan.

July 9, 1957.

Joshua Hellinger, San Juan, P. R., for plaintiff.

Alberto Gerardino, Santurce, P. R., for intervenor.

Geigel & Silva, Garcia Blanco and Hernan Pesquera, San Juan, P. R., for third-party defendant.

# 180

RUIZ-NAZARIO, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. § 270a et seq., in which the intervenor Gerardino & Company, Inc. seeks to recover materials sold to Unity Electric Company of Puerto Rico, Inc., one of the defendants.

It was stipulated at the pre-trial conference that all the materials involved were delivered to Unity Electric Co. of Puerto Rico at Gerardino's store, at the Darlington apartments, at Unity Electric Co. of Puerto Rico's warehouse, or at the piers in San Juan; and that none of the materials were delivered at the job site. It was further stipulated that Gerardino & Co., Inc., is not able to prove or show that any portion of said materials was incorporated into the project.

It was also stipulated that Gerardino & Co., Inc., obtained a judgment in the Superior Court of Puerto Rico against Unity Electric Co. of Puerto Rico for the full amount of its claim; and that Gerardino & Co. is unable to show or prove that Unity Electric Co. of Puerto Rico was the sub-contractor, although said corporation acted as agent of Unity Electric Co., a Florida Corporation, co-defendant herein, which corporation it is alleged made the sub-contract with plaintiff Montgomery Construction Company.

The stipulation, set forth at length in the pre-trial order of April 5, 1957, submitted the case for consideration by the court on the facts stipulated, it being agreed that if the Court concluded Gerardino & Co. was not entitled to relief on the stipulated facts, the complaint in intervention should be dismissed; and that if the stipulated facts did not preclude the granting of relief, the case should be reset for trial.

 I do not believe that the facts stipulated, without more, are sufficient to warrant a dismissal of the complaint in intervention. There is nothing inconsistent between the action on the contract in the Superior Court and the action on the bond under the Miller Act.

It is admitted that although Unity of Puerto Rico was not the subcontractor, it was the agent for the subcontractor Unity of Florida. With respect to non delivery at the job site, and inability to show actual incorporation or use in the prosecution of the work, the rule is that such incorporation or use in the work is not required for recovery on the contractor's bond; all that has to be shown is that the materials were "furnished" in the prosecution of the work. See Glassell-Taylor Co. v. Magnolia Petroleum Co., 5 Cir., 153 F.2d 527. The Supreme Court has stated that the statute should be "liberally construed in aid of the evident public object—security to those who contribute labor or material for public works." Standard Accident Insurance Company v. United States for Use and Benefit of Powell, 302 U.S. 442, 58 S.Ct. 314, 315, 82 L.Ed. 350. I must therefore hold that the stipulated facts do not preclude the relief sought by intervener. The case will accordingly be reset for trial.