834

DOVER ELECTRIC SUPPLY CO., Inc., a Delaware Corporation, Plaintiff,

v.

LEONARD PEVAR COMPANY, a Pennsylvania Corporation, and Continental Casualty Co., an Illinois Corporation, Defendant.

Civ. A. No. 2035.

United States District Court
D. Delaware.

July 9, 1959.

E. Dickinson Griffenberg, Jr. (Killoran & Van Brunt), Wilmington, Del., for plaintiff.

Samuel F. Keil (Keil & Keil), Wilmington, Del., and Walter Gay, Jr., Philadelphia, Pa., for defendants.

RODNEY, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. § 270a et seq. Separate findings of fact and conclusions of law have been filed with judgment for the plaintiff. This memorandum is filed because the defendant seemingly places reliance upon certain authorities which I

deem without precise application. The facts were as follows:

The U. S. Government desired to erect a gymnasium at the Dover, Delaware Airport and entered into a contract on November 23, 1956 with the defendant Leonard Pevar Company as prime contractor. The defendant Continental Casualty Company became surety in connection with the payment bond required by said contract.

The prime contractor Pevar entered into a subcontract with Vee Jay Electric Company, Inc. to do all the electrical work required on said gymnasium. Vee Jay Electric Company, Inc. was apparently a corporation of the State of New York. The plaintiff Dover Electric Supply Co., Inc. furnished the material to Vee Jay Electric Company, Inc. and the material went into and was used on the gymnasium work.

The defendant Pevar places reliance upon the cases of MacEvoy Co. v. United States [1] and United States for Use and Benefit of Newport News Shipbuilding & Dry Dock Co. v. Blount Bros. Construction Co. [2] In the MacEvoy case the plaintiff simply furnished material to a materialman who in turn simply furnished material to the contractor. The Court distinguished between a subcontractor and a materialman and held that one materialman furnishing material to another materialman was not embraced within the payment bond given pursuant to the Miller Act.

The Blount case very clearly holds that the right to recover under a payment bond given pursuant to the Miller Act is limited to (1), those materialmen, laborers and subcontractors who deal directly with the prime contractor and (2), those materialmen, laborers and sub-subcontractors, who lacking express or implied contractual relationship with the prime contractor have direct relationship to a subcontractor. In the cited case the parties seeking recovery under the bond came within neither category.

In my opinion neither of the cited cases has present application. The defendant Pevar relies upon the cases because it contends that Vee Jay Electric Company, Inc., the subcontractor from Pevar, in turn sub-subcontracted electrical work to Vee Jay Electric Company of Delaware, Inc., a separate entity, and that the present plaintiff furnished material to Vee Jay Electric Company of Delaware, Inc., a sub-subcontractor.

The confusion arises because there were these two companies with names quite similar. The Vee Jay Electric Company, Inc., a New York corporation, was the original subcontractor. Another entity, Vee Jay Electric Company of Delaware, Inc. did work at the Dover Airport on other installations but there is no evidence whatever that it did any work on the gymnasium job, the only one in which Pevar was interested. The evidence is all directly to the contrary. The two companies had the same president and the same superintendent but different crews of workmen. They operated from the same office. The confusion is shown by the fact that the letterhead of Vee Jay Electric Company of Delaware, Inc. was at times used by Vee Jay Electric Company, Inc., the subcontractor. There is not the slightest evidence of any sub-subcontract from Vee Jay Electric Company, Inc. to the Delaware corporation. No officer of either of the Vee Jay Companies was called as a witness nor was there other testimony as to any sub-subcontract. The contract between Pevar and the subcontractor Vee Jay Electric Company, Inc., expressly prohibited Vee Jay Electric Company, Inc. from subletting any part of its subcontract. When the president of Pevar first became aware of the existence of Vee Jay Electric Company of Delaware, Inc. he investigated the matter to see if there had been any sub-subletting of the contract and became convinced that the Delaware Corporation had been formed merely for tax purposes and allowed the matter to continue in that situation.

1. 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163.  2. D.C., 168 F.Supp. 407.

Almost the entire difficulty before me arises from the fact that in the statutory notice from the plaintiff (the supplier of material) to Pevar, the prime contractor, dated August 30, 1957, the plaintiff stated [3] that the material had been billed to Vee Jay Electric Company of Delaware, Inc. The letter, however, expressly referred to the contract number and the gymnasium job. Pevar knew that the subcontractor on that job was the Vee Jay Electric Company, Inc. and not Vee Jay Electric Company of Delaware, Inc.; it knew its contract with Vee Jay Electric Company, Inc. prohibited the making of a sub-subcontract and had investigated and resolved the possibility of such sub-subcontract. There seems no doubt that the material was furnished to the gymnasium job and, indeed, the greater part of it (the transformers) was sent direct to the original subcontractor, and the president of the defendant by admissions stated that these transformers were actually installed upon the gymnasium work.

■ It has been uniformly held that the Miller Act

"should be liberally construed in aid of the evident public object—security to those who contribute labor or material for public works."[4]

■ The material in the present case was furnished by the present plaintiff between June 3, 1957 and August 27, 1957; it was furnished to and for the gymnasium work, and the cost of the material has not been paid. Since the materialman, the present plaintiff, had no contractual relation with the prime contractor but did have a direct contractual relation with the subcontractor, he was required to give notice to the prime contractor within 90 days from the furnishing of the last material, stating with "substantial accuracy" the amount claimed and the name of the party to whom the material was furnished.

It will be noted that the statute requires the notice to the prime contractor to be made with "substantial accuracy". The language of the statute being liberally construed and applicable alike to laborers and others, regardless of educational qualifications, negatives the idea of a strict or precise accuracy. It has been determined that the object of the notice to the prime contractor was to enable him to withhold payments from the subcontractor until the materialman had been paid.[5]

In the present case it seems clear that the notice was received by the defendant. The defendant knew that its subcontractor was Vee Jay Electric Company, Inc. and that such Company was prohibited from making any sub-subcontract. He, then, could regulate his payments to his subcontractor.

It has also been held that another requirement in the notice from the materialman to the prime contractor is that such notice shall, in effect, amount to the presentation of a claim for such material and that such materialman is looking to the contractor for the payment of the claim.[6]

This requirement is fully met in the notice in the present case which concluded with these words:

"As per attached statement all the material is past our terms of 30 days, we must have a remittance by the 5th of September, or we will be forced to take legal steps for this amount."

3. Erroneously, as is now contended.

4. Standard Accident Insurance Co. v. United States, 302 U.S. 442, 58 S.Ct. 314, 315, 82 L.Ed. 350; Commercial Standard Insurance Co. v. United States, 10 Cir., 213 F.2d 106; Fourt v. United States, 10 Cir., 235 F.2d 433.

5. United States for Use and Benefit of Hallenbeck v. Fleisher Engineering & Construction Co., 2 Cir., 107 F.2d 925, 928.

6. Bowden v. United States, 9 Cir., 239 F.2d 572; United States, for Use of Bruce Co., Inc. v. Fraser Construction Co., D.C., 87 F.Supp. 1, 5; United States for Use and Benefit of Noland Co. v. Skinner & Ruddock, Inc., D.C., 164 F.Supp. 616.

I am of the opinion that the notice of the plaintiff to the defendant, dated August 30, 1957, was a substantial compliance with the provisions of the statute and that judgment should be entered for the plaintiff.