364 P.2d 1049

William ROGERS, Plaintiff-Appellant,

v.

COUNTY OF NEZ PERCE, Bert Schroeder, and William Watson, Defendants-Respondents.

No. 8947.

Supreme Court of Idaho.

Sept. 22, 1961.

J. Henry Felton, Warren Felton, Lewiston, for appellant.

Owen L. Knowlton, Pros. Atty., for Nez Perce County, Thomas W. Feeney, Lewiston, for respondents.

McQUADE, Justice.

Plaintiff brought this action as a creditor, and as assignee of certain other creditors, of Mannon and Faraca, Inc., a construction contractor performing certain work for Nez Perce County. The individual defendants herein are members of the Board of County Commissioners.

Plaintiff alleged in his complaint the county contracted with Mannon and Faraca, Inc., to crush and deliver gravel to be stockpiled for repair and construction of public roads; that the firm delivered 40,280.47 tons, for which it was paid $1 per ton.

He further alleged the commissioners failed and neglected to secure a bond from the contracting firm. Plaintiff asserts he furnished Mannon and Faraca, Inc., goods and materials of the value of $1,091.61, which sum the corporation failed to pay; he then filed a claim against the county, and the commissioners took no action thereon.

In separate causes of action, plaintiff alleged he was assignee of five other creditors furnishing goods and materials to Mannon

and Faraca, Inc., the respective claims of these creditors amounting to $267.77, $1,039, $329.50, $708.65, and $129.09. Plaintiff sought judgment for these sums.

Defendants moved to dismiss the action on the ground, inter alia, it stated no claim upon which relief could be granted. Other grounds for dismissal, not material here, were stated.

Defendants filed affidavits of defendant Schroeder and Wynne M. Blake, former prosecuting attorney of Nez Perce County, stating Blake advised the county commissioners Mannon and Faraca, Inc., were not required by statute to furnish bond.

The contract between the corporation and Nez Perce County was submitted to the trial court for hearing on the motion to dismiss. It indicates rock was to be taken from designated sites on private lands, provided by the county, and the contractor was to be permitted to make sales from these sources to private individuals as well as furnishing gravel to the county.

The trial judge held no bond was required, and plaintiff was not entitled to recover because he failed to state a claim against any of the defendants upon which relief could be granted. The judge ordered dismissal of the action with prejudice.

Plaintiff appeals, asserting the trial court erred in dismissing the action in that

"* * * the complaint does state a claim upon which relief could be granted, or could be amended to so state a claim upon which relief could be granted * * *"

and erred

"* * * in resolving contested issues of fact * * * without taking evidence, and in treating the motions in this case as motions to dismiss and not as motions for summary judgment."

This case turns upon construction of I. C. § 45–502, which in part provides:

"Hereafter any person or persons entering into a formal contract with * * * any county * * * for the construction, alteration or repair of any public building, public work, or quasi public work, the contract price of which exceeds the sum of $200.00, shall be required before commencing such work, to execute the usual penal bond, in a sum equaling the full amount of the contract price, to be approved by the officer, board or body authorized to make such contract, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor or materials or supplies in the prosecution of the work provided for in such contract. * * *"

I.C. § 45–503 provides:

"Except when the contract price is $200.00 or less, it shall be unlawful for any officer of the * * * county * * * to allow any claim for money,

or to pay out and disburse any money to any person on account of any contract for the construction, alteration or repair of any public building, public work, or quasi public work, until a good and sufficient bond, as provided in the foregoing section is furnished and provided."

In People ex rel. White v. Storm, 49 Idaho 246, 287 P. 689, this Court treated a contract for crushing and delivering gravel for a *specific* highway project as being covered by the statute (then C.S. 7341.)

State ex rel. Modern Motor Company, Inc., v. H & K Construction Company, 75 Idaho 492, 274 P.2d 1002, 1003, held the coverage of the bond

" * * * is to be liberally construed and not limited to labor and materials that are lienable under the mechanics' lien law in its relation to private structures, but all labor or materials that directly or indirectly contribute to the construction of the work, are covered * * *."

Neither of these cases rules squarely on the primary question here presented: i. e., whether crushing and stockpiling of gravel for some future use constitutes "construction, alteration or repair" of a public work, and the contract requires bond under I.C. § 45–502. State ex rel. Modern Motor Company, Inc., v. H & K Construction Company is distinguishable in that the supplier there took part in the actual road construction.

This not being a contract for "construction, alteration or repair" within our statute, no bond was required. Therefore, it is unnecessary to determine the other questions raised by appellant.

The order of dismissal is affirmed.
Costs to respondents.

TAYLOR, C. J., and SMITH and McFADDEN, JJ., concur.

KNUDSON, Justice (dissenting).

I do not agree with the interpretation which the majority opinion places upon I. C. §§ 45–502 and 45–503. Said opinion in substance limits the application of said statutes to work which falls within the classification of being performed in the construction, alteration or repair of something public.

It is common knowledge that a great deal of public work is performed *under contracts* entered into by the public bodies referred to in said statutes and it seems clear that the only purpose of enacting them was to protect all persons who may furnish or supply any such contractor with labor, materials or supplies in the prosecution of such public work. The method pursued to effect that protection was through a bond required by said statutes to be executed by the con-

tractor undertaking to perform the public work.

There is nothing in said statutes themselves to indicate that the legislature intended the statutes to apply only to a public work involving a building or other structure. The title to I.C. § 45–502 specifies that it has to do with "Contracts for public work". In fact the title to the last act of the legislature amending § 45–502 provides as follows:

"Amending Section 44–502 Idaho Code Annotated, *relating to contracts for public work* and bond for protection of laborers and materialmen by increasing the sum for which said bond shall be furnished to 100 per cent of the contract price; * * *." (Emphasis supplied.) Idaho Session Laws 1933, Ch. 164.

In determining the liability on the bond the inquiry should be: Is the work contracted to be done a public work; and was the labor, materials or supplies sought to be recovered for furnished the contractors and used in the prosecution of the public work stated in the contract?

The statutes here involved have been considered by this Court and contrary to the view expressed in the majority opinion I believe the two following mentioned Idaho cases are very much in point.

In People ex rel. White v. Storm, 49 Idaho 246, 287 P. 689, 691 it was urged that the complaint involved was fatally defective in not alleging that the labor or materials, sought to be recovered for, had been "used in the construction, alteration or repair" of the public work and that C.S. § 7341 (now I.C. § 45–502) makes such allegation a prerequisite to an action on the bond. This Court refused to sustain such contention.

It is significant that in said case this Court stated:

"The only statutory protection now afforded laborers and materialmen for labor and materials furnished for the construction of public works, is that given by C.S., § 7341, *which was taken almost bodily from the act of Congress of August 13, 1894,* 28 Stat., p. 278, chap. 280, as amended February 24, 1905, 33 Stat., p. 811, chap. 778. (See 40 U.S.C.A. sec. 270, p. 92)." (Emphasis supplied.)

The act of Congress referred to had been (prior to the enactment of I.C. § 45–502) repeatedly construed by the Supreme Court of the United States and in the case of Standard Accident Ins. Co. v. United States for Use and Benefit of Powell, 302 U.S. 442, 58 S.Ct. 314, 315, 82 L.Ed. 350, said:

"The statute often has been before us. (Citations omitted.) And we are committed to the doctrine that it should be liberally construed in aid of the evident public object—security to those

who contribute labor or material for *public works.*" (Emphasis supplied.)

In State ex rel. Modern Motor Company, Inc. v. H & K Construction Company, 75 Idaho 492, 274 P.2d 1002 this Court held that the coverage of the bond required by said statutes covers all labor or materials that *directly* or *indirectly* contribute to the construction of the work. In the instant case the public work covered by the contract consisted of *stockpiling gravel for repair and construction of public roads.* Certainly such work would be considered as contributing indirectly, if not directly, to the construction of public roads which unquestionably is a public work.

In support of the view herein expressed attention is called to the fact that I.C. § 45–502 requires the following additional obligation in the bond:

"that such contractor or contractors shall promptly make payments *to all persons* supplying him or them with labor or materials or supplies in the prosecution of *the work provided for in such contract.*" (Emphasis supplied.)

It is the writer's view that said statutes clearly require the execution of a penal bond by any person who *enters into a contract* with any of the public bodies enumerated therein, when the contract price exceeds $200, for any one of the following:

(1) The construction, alteration or repair of any public building;

(2) public work; or

(3) quasi public work.

Said statutes do not limit the work to the construction, alteration or repair of public buildings or structures, but apply to all public work *which is performed under formal contract* entered into with the public bodies therein referred to.