The decision of the district court is therefore AFFIRMED.

**UNITED STATES of America for the Use of A & M PETROLEUM, INC.,** Plaintiff-Appellant,

v.

**SANTA FE ENGINEERS, INC., Gulf/American Constructors, Inc., Industrial Indemnity Company, and United States Fire Insurance, Company,** Defendants-Appellees.

No. 87–4159

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 24, 1987.

G.E. Estes, Jr., Estes & Estes, Gulfport, Miss., for plaintiff-appellant.

Robert C. Galloway, Galloway & Galloway, P.A., Gulfport, Miss., Martin R. Salzman, Jeffrey L. Evans, Henrick, Spanos & Phillips, Atlanta, Ga., defendants-appellees.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

In this action under the Miller Act, 40 U.S.C. § 270a *et seq.*, a supplier appeals from the district court's finding that notice of nonpayment must be given within 90 days of each delivery in order for there to be a timely Miller Act claim. We reverse.

Appellant A & M Petroleum, Inc. ("A & M") made some fifteen deliveries of diesel fuel and other supplies to Gulf/American Constructors, Inc. ("Gulf/American"), pursuant to purchase orders issued by Gulf/American when it was a subcontractor on a federal government project in Gulfport, Mississippi. It is undisputed that the materials, delivered between November 15, 1984 and June 5, 1985, were used in the construction of the project, and that their total value was $22,571.17. Gulf/American made one payment to A & M for $932.72 in July 1985 but no others. On August 8, 1985, A & M informed Santa Fe Engineers, Inc. ("Santa Fe") that A & M was making a claim for the remaining $21,638.45. Santa Fe refused to pay the claim, and A & M filed this Miller Act action against Santa Fe, Gulf/Western, and their sureties in 1986.[1] After both parties filed motions for summary judgment, the district court ruled that A & M's notice was untimely except as to the last delivery made, and accordingly rendered judgment in favor of A & M for $38.06. A & M appeals.

The sole issue in this case is whether § 270b[2] of the Miller Act requires that a supplier or subcontractor give notice to the general contractor within 90 days of each unpaid delivery or rendition of services, or whether it need only give notice within 90 days of the last delivery or rendition of services. While its opinion recognized that one circuit has held that notice within 90 days of the last delivery constitutes timely notice, the district court adopted the alternative position, and held that notice must be given within 90 days of each unpaid delivery for a Miller Act claim to exist for that debt.

We disagree. In *United States for the use of Control Systems, Inc. v. Arundel Corp.*, 814 F.2d 193, (5th Cir. 1987), this court implicitly adopted the view that notice need only be given within 90 days of the last delivery of materials or rendition of services. In that case, notice was furnished approximately 60 days after the delivery of technical manuals to the project, and this was held to constitute timely Miller Act notice for the entire unpaid portion of the supplier's bill, including deliveries made more than a year before.

Our approach seems to be the preferred interpretation. *See, e.g., United States for use of Westinghouse Electric Supply Co. v. Endebrock-White Co.*, 275 F.2d 57 (4th Cir.1960); *Noland Co. v. Allied Contractors, Inc.*, 273 F.2d 917 (4th Cir.1959); *Fourt v. United States*, 235 F.2d 433 (10th Cir.1956); *United States ex rel. P.A. Bourquin & Co. v. Chester Construction Co.*, 104 F.2d 648, 649 (2d Cir.1939); *United States v. George A. Fuller Co.*, 250 F.Supp. 649 (D.Mont.1965); *United States for use of J.A. Edwards & Co. v. Bregman Construction Co.*, 172 F.Supp. 517 (D.C.N.Y.1959). *See generally* Annot, *Timeliness of notice to public works contractor on federal project, of indebtedness for labor or materials furnished*, 69 A.L.R.Fed. 600, 620–24 [§ 7a] (1984).

REVERSED and REMANDED for entry of judgment in accordance herewith.

---

1. An interlocutory summary judgment for the disputed amount has been entered against Gulf/American in this case, and its liability is not at issue in this appeal.

2. In pertinent part, § 270b provides that:
   [A]ny person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person ... supplied the last of the materials for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied....