1998 SD 38

**PETE LIEN & SONS, INC.,
Plaintiff and Appellant,**

v.

**CITY OF PIERRE, a South Dakota
Municipal Corporation, Defendant
and Appellee.**

No. 20119.

Supreme Court of South Dakota.

Considered on Briefs Feb. 18, 1998.

Decided April 15, 1998.

Craig D. Grotenhouse, Rapid City, for plaintiff and appellant.

Robert C. Riter, Jr. of Riter, Mayer, Hofer, Wattier & Brown, Pierre, for defendant and appellee.

PER CURIAM.

[¶ 1.] Pete Lien & Sons, Inc. (Lien) appeals a summary judgment for the City of Pierre in its action to recover the amount owed for the supply of gravel to the city stockpile.

FACTS

[¶ 2.] The City of Pierre solicited bids for the supply of twelve thousand tons of gravel to a city stockpile used for general road maintenance purposes. Fessnell Transport was the low bidder and contracted with the City to supply the gravel at the bid price. Fessnell also contracted with Lien for the purchase of the gravel it would be supplying to the City.

[¶ 3.] Fessnell delivered only part of the gravel and defaulted in further performance. Fessnell also failed to fully compensate Lien for the gravel it had received from Lien and already delivered to the City. Moreover, Lien's ability to obtain any further recovery from Fessnell was called into question by Fessnell's filing for bankruptcy. Accordingly, Lien sued the City for the balance owed on the gravel already delivered. After some preliminary discovery, Lien moved for partial summary judgment on the issue of the City's liability with the only remaining issue being the exact amount the City would owe Lien. The City also moved for summary judgment and its motion was granted by the trial court. Lien now appeals to this Court.

ISSUE

[¶ 4.] **Did the trial court err in granting the City summary judgment?**

[¶ 5.] A summary judgment will be affirmed if there are no genuine issues of material fact and the legal issues have been correctly decided. *Myears v. Charles Mix County*, 1997 SD 89, ¶ 6, 566 N.W.2d 470, 472. Here, the parties concede there are no genuine issues of material fact. However,

Lien asserts the trial court erred as a matter of law in granting the City summary judgment. Issues of law are subject to de novo review. *See Sundt v. State, Dept. of Transp.,* 1997 SD 91, ¶ 9, 566 N.W.2d 476, 478.

[¶ 6.] SDCL 5–21–1 directs a public corporation to require surety from a contractor furnishing material for the construction or repair of a "public improvement." [1] If the public corporation fails to require surety, SDCL 5–21–2 makes it directly liable to any person who has furnished material for the construction or repair of the improvement.[2] Lien sought recovery from the City under SDCL 5–21–2. It argued the City should have required surety from Fessnell because Fessnell contracted to furnish material (*i.e.,* gravel) for the repair of a "public improvement" (*i.e.,* public roads). Since the City failed to require surety, Lien argued SDCL 5–21–2 made the City directly liable for the value of the gravel it provided. However, the trial court held Fessnell did not contract to furnish material for the repair of a "public improvement" because the gravel was not for an identifiable project, but merely for a stockpile used in routine road maintenance. It was on that basis that the trial court granted the City summary judgment.

■ [¶ 7.] On appeal, Lien argues the trial court erred in determining the gravel for the City stockpile was not material furnished for the construction or repair of a "public improvement." Lien relies upon the statutory definition of a "public improvement" as, "one the cost of which is payable from taxes or other funds under the control of the public corporation[.]" SDCL 5–18–1(3). Pointing

out roads and gravel are both paid for with public funds, Lien continues to assert Fessnell's contract to supply gravel was a contract to furnish material for the repair of a "public improvement."

[¶ 8.] As Lien asserts, SDCL 5–18–1(3) defines a "public improvement" as *"one* the cost of which is payable from taxes or other [public] funds[.]" SDCL 5–18–1(3)(emphasis added). While this defines the "public" aspect of a "public improvement," it does little to explain what an "improvement" is. Moreover, the definition's use of the word "one" refers directly back to the term "improvement." Thus, by definition, a "public improvement" is an "improvement the cost of which is payable from taxes or other [public] funds[.]" SDCL 5–18–1(3). This does nothing to resolve whether a municipal gravel stockpile used in routine road maintenance is an "improvement."

■ [¶ 9.] " 'Words and phrases in a statute must be given their plain meaning and effect.' " *Schipke v. Grad,* 1997 SD 38, ¶ 6, 562 N.W.2d 109, 111 (quoting *Moss v. Guttormson,* 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17). An "improvement" in construction parlance is ordinarily defined as, "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs[.]" Webster's Third New International Dictionary 1138 (1976). A pile of gravel simply does not fall within this definition. It is not permanent nor is it a betterment of

---

1. SDCL 5–21–1 provides in full:

   Except as provided in § 31–12–15, when any contract is entered into for the *construction* of public improvement or the furnishing of any material or labor therefor, the contractor is required, before commencing such work, to furnish surety in an amount not less than the contract price, for the faithful performance of the contract, with the additional obligation that the contractor shall promptly pay all persons supplying him with labor or material in the prosecution of the work provided for in the contract. (emphasis added).

   "Construction" under this section embraces "repair" and "alteration." SDCL 5–18–1(1). *See also Midstates Exc. v. Farmers & Merchants Bk.,* 410 N.W.2d 190, 194 (S.D.1987)(definitions in

SDCL ch. 5–18 applied to terms in SDCL ch. 5–21).

2. SDCL 5–21–2 provides in full:

   In case any such public corporation shall fail or neglect to require the execution of the surety provided for in § 5–21–1, such public corporation shall be liable to pay any person who shall have performed labor or furnished any material that entered into the erection, alteration, repair or improvement of such building, the value of such work or material and an action may be maintained therefor; provided, that an action brought under the provisions of this section shall be commenced within ninety days from the acceptance of the work for which the same shall be claimed.

real property that enhances its capital value. Furthermore, a gravel stockpile itself does nothing to make property more useful or valuable. For example, a city gravel truck spreading gravel on an icy street from this stockpile is not engaged in "construction" within the definition of SDCL 5–18–1(1) and is not engaged in an "improvement" within SDCL 5–18–1(3). If, as reasoned by the trial court, the stockpile is dedicated for use in a particular road improvement project, there might be an argument in this regard. Such was not the case in this instance, however. The gravel was merely part of the City's general stockpile of materials and supplies.[3] Accordingly, the trial court did not err in its determination that Fessnell did not contract to furnish material for the construction or repair of a "public improvement."[4] Since Fessnell did not contract to furnish material for the construction or repair of a "public improvement," it follows that the City was not required to demand surety from Fessnell and did not incur direct liability to Lien under SDCL 5–21–2 for its failure to require surety. Summary judgment for the City was appropriately granted and we affirm.

[¶ 10.] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., participating.

---

**3.** SDCL 5–18–2 in the public bidding statutes distinguishes between public improvement contracts and material or supply contracts. The statute provides:

> All contracts of any public corporation, whether for the construction of public improvements *or* contracts for the purchase, lease or rental of materials, supplies or equipment, when such contracts involve an expenditure equal to or in excess of the amount provided for in § 5–18–3, must be let to the lowest responsible bidder. The governing body shall have the right to reject any and all bids and to readvertise for proposals if none of the bids are satisfactory, or if they believe any agreement has been entered into by the bidders to prevent competition.

SDCL 5–18–2 (emphasis added).

**4.** Other courts have held the same when addressing the question of whether stockpiling soil or gravel for future use constitutes a public work or improvement. *See Municipality of Anchorage v. Tatco, Inc.*, 774 P.2d 207, 211 (Alaska 1989)(dumping soil out of a dump truck is not by itself the construction, alteration or repair of a public work); *Rogers v. County of Nez Perce*, 83 Idaho 467, 364 P.2d 1049, 1050 (1961)(crushing and stockpiling of gravel for some future use does not constitute construction, alteration or repair of a public work); *Ozaukee Sand & Gravel Co. v. City of Milwaukee*, 243 Wis. 38, 9 N.W.2d 99 (1943)(contract for sale of sand and gravel to city of Milwaukee for incidental maintenance was not a contract for a public improvement).